**WISE v. SMITH et ux.**

No. 5878.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1939.

John R. Hunter & Son, of Alexandria, for appellant.

Cleveland Dear, of Alexandria, for appellees.

DREW, Judge.

This action is brought by the plaintiff, Mrs. Alice Smith Wise, against John Lawrence Smith and his wife, Mrs. John Lawrence Smith, for personal injuries received by Mrs. Wise as a result of an automobile accident when a car belonging to Mr. Smith and driven by his wife ran into and injured plaintiff. This occurrence took place about the hour of 8:30 P. M., August 18, 1937, at the corner of Fourth and Jackson streets in the city of Alexandria. The lower court granted judgment in favor of plaintiff as against the defendant, Mrs. John Lawrence Smith, in the amount of $1600, but rejected her demands as against the defendant, John Lawrence Smith. From the judgment rejecting her demands as against John Lawrence Smith, the plaintiff took a devolutive appeal, which has been lodged in this court.

We are not called upon to pass on the question of liability of Mrs. Smith as neither she nor the plaintiff perfected an appeal to this court as regards the judgment rendered against Mrs. Smith, nor has she answered the appeal. The sole proposition we are required to deal with is that of the liability of John Lawrence Smith for the alleged negligence of his wife.

It is alleged by the plaintiff that the automobile driven by Mrs. Smith at the time of the accident belonged to Mr. Smith and formed a part of the community of acquets and gains existing between him and his wife; that she was acting under the direction of her husband as an agent of the community; that she was then on an errand entailing the community expense and was using the car belonging, to her husband for purposes of the community. Under these allegations, she is seeking judgment against Mr. Smith, as head of the community of acquets and gains.

At the time of the accident, Mrs. Smith was returning to her home from the Wallace Clinic where she had been to visit her mother-in-law, and was at the time traveling alone. She testifies that she had made no purchases while on this mission nor had she carried anything to her mother-in-law that might have been purchased by the community or otherwise. Mr. Smith testifies that his wife had asked him for the use of the car but that he had refused to allow her to use it, and he was unaware of the fact that she had taken it until he heard of the accident. He states that his wife had obtained a duplicate set of keys by some means unknown to him; and that on numerous occasions prior to the accident and many times since that date he had refused her permission to use the automobile. Apparently the reason for his action was that they were not on friendly terms, bringing about the revocation of any tacit permission she might have had to use the automobile. He further states that he never on any occasion accompanied his wife to visit his mother and it is certain that he was not with her at the time of the accident. His wife denies that he had not accompanied her on previous occasions, but does not deny the fact that he refused her permission to use the car, although she did not know of his reason for doing so. She further denies that they had quarreled or were on unfriendly terms.

The lower court found as a matter of fact that permission to use the car had been refused. If this is true, it is certain the husband cannot be held responsible for the accident. He is no more so than if a total stranger had taken the automobile without permission and had caused the accident. The law places no such penalty on ownership of automobiles in this state. Furthermore, the law does not hold the husband responsible for the torts of the wife, except those done by her while on a mission in his behalf or under his direction or for the community. Revised Civil Code, Articles 2317, 2318, 2319 and 2320. Even though Mrs. Smith had had permission to use the car in which particular case, we are of the opinion that Mr. Smith would not have been liable.

Probably the leading Louisiana case on this particular point is Adams v. Golson, 187 La. 363, 174 So. 876, 879. In that case Mrs. Golson had gone into the city of Baton Rouge to attend a style show. While there she ran into and injured the plaintiff, Adams. In holding that her husband was not liable, even though while in the city Mrs. Golson had occasion to partake of her evening meal, which constitutes a community obligation as one of the necessities of life, Justice Fournet, the organ of the Court, made this statement:

"It is our opinion, therefore, that in order to hold the husband liable as head and master of the community for torts committed by his wife within the meaning and contemplation of the provisions of article 2986 of the Revised Civil Code, it would have to be shown affirmatively that she was expressly or impliedly authorized to and was, at the time of the commission of the act, actually attending to the affairs or business of the community.

"In this case the primary purpose of Mrs. Golson's trip to Baton Rouge on the day of the accident was not to take a meal but was for her own pleasure and benefit, that is, to attend a style show and a meeting of a fraternal organization. * * * No sound and logical reason has been suggested by counsel, and we can think of none, why a man should be held liable for the torts committed by his wife committed while using his automobile for her own pleasure any more than he could be held liable if the tort had been committed by a third person while using the car for his

own purposes or pleasure, with the owner's consent."

The fact that Mrs. Smith had just paid a visit to the ill mother of the defendant cannot be imputed to the husband as a mission in his behalf. It is commendable on the part of a man's wife to bear affection for his mother but, as is sometimes the case, there is no duty on her part to do so. The visit in the present case was not made as a favor to her husband, but, if we are to believe the parties themselves, it was made over his objection.

In order to find that the wife was acting as the mandatary of her husband, the relationship must fall under one of the following provisions of Article 2986 of the Revised Civil Code:

"The mandate may take place in five different manners: for the interest of the person granting it alone; for the joint interest of both parties; for the interest of a third person; for the interest of such third person and that of the party granting it, and finally, for the interest of the mandatary and a third person."

 An act of a party made entirely in his own interest and done on his own volition can never be attributed to a third party as constituting an act done on behalf of a third party. In holding that the action of a wife in going out to bring in some distressed friends of her husband who had phoned in to request that he come out to drive them in to Monroe, this court made the following statement in the case of Tuck v. Harmon, 151 So. 803, 804:

"Nor could Harmon be held on the merits. At the time of the accident he was away from home. Friends of his driving to Monroe met with trouble and phoned the Harmon home to ask that he drive out and bring them in. Mrs. Harmon received the message and, without communicating with her husband, responded to the call. The collision occurred while she was returning home in the family car after completing this mission. There is no question as to the liability of Mrs. Harmon, under article 2315 of the Civil Code, for the damage caused by her fault. However, there is no provision in the Code making the husband, because of the marital relationship, liable for the torts of his wife. To render him so liable, where he is not present, it must be shown that the wife was acting as his agent, or was using the car for the purposes of the community."

In the present situation, the wife's visit to the Clinic was not authorized by her husband; he was not present at the time of the accident; she was not engaged on a mission for her husband personally nor was she on an errand for the community. This mission is as personal to the wife as would have been a visit made to see her own mother. The defendant, John Lawrence Smith, is in no way responsible.

In the brief of the appellant, counsel attempt to go into the question of damages awarded Mrs. Wise as against Mrs. Smith. We are not called upon to consider this question as the plaintiff did not appeal from the judgment of the lower court as against Mrs. Smith, nor did Mrs. Smith perfect an appeal or answer the appeal.

We find the judgment of the lower court to be correct and affirm it as it stands, with costs of this appeal to be borne by the appellant.