The jurisdiction of the court will not take a wide range.

Here are the issues briefly stated. A corporation engaged in a service to the public bound itself by contract with another. Under this agreement the latter furnished a considerable part of the material used.

Suddenly, without warning, the corporation destroys the use, by destroying part of the property.

A party to a contract can refuse to continue performance of an unexpired contract and take his chances in an action ex contractu that he will not be made liable for damages.

On the other hand, a party to a contract cannot put an end to a contract by a sudden malicious destruction of the property by committing a trespass, as alleged here, without taking the chances of an action ex delicto for damages.

The court held, as expressed in the syllabus:

"Article 165, par. 9, Code Prac., refers to damages resulting from positive acts; to acts of commission, and not to those resulting from commission." The Castille Case, 48 La. Ann. 322, 19 South. 332; Houston v. Railroad Co., 39 La. Ann. 796, 2 South. 562.

The acts shown in the pending case are positive enough.

They are acts of commission, and it is alleged that they are acts of trespass.

Plaintiff has made specific averments regarding damages.

They are separate and apart from others regarding an injunction which we will not reinstate. He has asked for specific damages. We think he should be heard before the court where trespass is alleged to have been committed, to the extent that he may have been damaged by the illegal and malicious destruction of property, if it was done as illegally and maliciously as alleged.

116 LA.—5

Having taken the view before expressed that the court is without jurisdiction to compel specific performance, although it, has jurisdiction to compel payment of damages, arising ex delicto, it follows that the writ of injunction must fall. It has no raison d'etre if plaintiff is without right before the court of Assumption parish to compel defendant to actively perform a contract.

It is ordered, adjudged, and decreed that the judgment of the Court of Appeal is affirmed to the extent following:

"The case is hereby remanded to the lower court to be proceeded with according to law."

The injunction remains dismissed, as it was originally dismissed in the district court; the costs in the district court to await trial on the merits.

The costs of the Court of Appeal are due by defendant and appellee.

The costs in the certiorari proceedings are to be paid by respondent here.

PROVOSTY, J., dissents.

---

(40 South. 592.)

No. 15,878.

VAN HORN v. ARANTES.

(Feb. 12, 1906.)

1. DIVORCE—EVIDENCE.

Where, in a suit for a divorce on the ground of adultery, the defendant wife reconvened for a divorce on the same ground, and also alleged public defamation, abandonment, and nonsupport, and the evidence clearly showed that defendant was guilty as charged, but also showed that plaintiff had deserted defendant and her children and failed or refused to support them; held, that the trial judge erred in dismissing plaintiff's demand; the faults of the parties not being of a similar nature or gravity. Trowbridge v. Carlin, 12 La. Ann. 882; Thomas v. Tailleu, 13 La. Ann. 127; Castanedo v. Fortier, 34 La. Ann. 135.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 195, 197.]

2. SAME—ABANDONMENT.

Abandonment or desertion is no ground for a divorce or separation from bed and board, unless

made to appear in the manner prescribed by article 145 of the Civil Code.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 113–116.]

3. HUSBAND AND WIFE—REFUSAL TO SUPPORT.

The refusal of the husband to support his wife is not per se ground for a divorce or separation from bed and board. In such case the wife cannot sue for alimony, but she may procure necessaries at the expense of the husband, or may have him prosecuted under Act No. 34, p. 42, of 1902.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 116; vol. 26, Cent. Dig. Husband and Wife, §§ 1074–1077.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George Henry Théard, Judge.

Action by Thomas. C. Van Horn against Rose Arantes, his wife. Judgment for defendant, and plaintiff appeals. Reversed.

Zengel, Thomas & Suthon, for appellant. Robert John Maloney, for appellee.

LAND, J. This is a suit for a divorce on the ground of adultery. The petition charges that defendant lived with one J. C. Hughes as his wife during several months in the year 1904, and went by the name of "Mrs. Hughes," and called petitioner's son by the name of "Tommy Hughes," and entered him at school by such name.

After pleading the general issue, the defendant averred that her husband deserted and abandoned her in September, 1902, and left the city and state for the purpose of avoiding the care and attention to which he was bound, and, further, that he failed to provide for defendant or her children, and therefore defendant was compelled to go out and work to obtain a livelihood and necessaries for herself and children, and has continued thus to do until the present time.

Defendant, further answering, charged her husband with open and continued adultery with a certain woman at a certain place in the city of New Orleans and elsewhere during a period of about five years.

Defendant, further answering, charged her husband with public abuse and defamation on or about September 7, 1902.

Defendant further averred that during the marriage considerable property had been accumulated, and that she feared that her husband would part with or dispose of the same during the pendency of the suit, and that a writ of injunction was necessary to protect her rights.

Defendant prayed that plaintiff's demand be rejected, and for judgment in her favor in reconvention decreeing an absolute divorce between her and her husband, and granting unto her the permanent custody of her child, Thomas C. Van Horn, Jr., for the issuance of an injunction, and for its perpetuation, and finally for a partition of the community property.

The district judge found that the evidence left no doubt as to the wife's misconduct as charged in the petition, but at the same time showed that plaintiff had abandoned the defendant and their two children and refused to support them. For this reason alone the judge refused to grant plaintiff a divorce and turned both parties out of court.

In his opinion the judge says in part as follows:

"The wife's adultery is therefore clearly established, yet plaintiff cannot obtain a divorce. He has failed to substantiate his material averment, 'that he has been a kind and dutiful husband.' The proof, to the contrary, is that he abandoned the defendant and their two children and refused to support them, and it was while so abandoned and under the stress of want she was tempted and fell from grace. It is not that the husband's desertion justifies the wife in prostituting herself. One wrong can never authorize another. But marriage is a contract in which all the obligations do not rest upon the wife. The husband has his share, and the greater share, of duties, and one of these is to provide his wife a home and to 'furnish her with whatever is required for the conveniences of life in proportion to his means and condition.' Civ. Code, art. 120. And in marriage, as in all bilateral contracts, the rule obtains that the party who seeks relief must first show that he has fulfilled his part of the

reciprocal obligations. It is upon that principle that rests the doctrine, of so frequent application in divorce and separation cases, that when both parties are in fault neither will be heard to complain."

The district judge cites no authorities, and none are cited in the brief of counsel for defendant, in support of the proposition that plaintiff is not entitled to a judgment under the facts and circumstances of this particular case.

The Civil Code provides that, except in cases of adultery or where the husband or wife may have been sentenced to an infamous punishment, no divorce shall be granted, unless a judgment for separation from bed and board shall have been rendered between the parties, and one year shall have expired from the date of such judgment and no reconciliation shall have taken place. Civ. Code, art. 139.

Abandonment of the husband by the wife or the wife by the husband is one of the grounds for a separation from bed and board. Civ. Code, art. 139. But such abandonment must be made to appear by three reiterated summons, made from month to month, directing his or her return to the place of the matrimonial domicile, followed by a judgment which has sentenced the party to comply with such request, together with a notification of said judgment given from month to month for three times successively. Civ. Code, art. 145.

The failure or refusal of the husband to support his wife is no ground for a separation from bed and board. The Civil Code does not authorize a suit by the wife for alimony, save as an incident of a suit for separation or divorce. Heyob v. Her Husband, 18 La. Ann. 41; Moore v. Moore, Id. 613. She has, however, the right to purchase the necessaries of life, at his expense, when he refuses to furnish the same.

And in 1902 the Legislature made it a misdemeanor for a husband to desert or willfully neglect to provide for the support and maintenance of his wife or minor children in necessitous circumstances. See Act No. 34, p. 42, of 1902. This act indirectly affords the necessitous wife a remedy by authorizing the judge to order the payment by the defendant found guilty of a certain sum weekly to his wife, sentence in the meantime to be suspended. State ex rel. Mioton v. Baker, Judge, 112 La. 801, 36 South. 703. This act shows that it is the policy of the law to compel the husband to perform the duty of support rather than to dissolve the marriage.

Defendant neither sued for a separation from bed and board on the ground of abandonment nor availed herself of the remedy afforded by the act of 1902. Hence the case at bar is one where the conduct of the husband, as shown by the evidence, furnishes no ground for even a separation from bed and board, while the misconduct of his wife entitles him to a decree of absolute divorce.

In Trowbridge v. Carlin, 12 La. Ann. 882, both parties sued for a separation from bed and board on the ground of cruel treatment and outrages. The court said:

"As both parties have acted unkindly to one another, a separation ought not to be granted to either"—citing Fleytas v. Pigneguy, 9 La. 421.

Justice Spofford in his concurring opinion reviewed the civil-law authorities on the subject, and found that they differed only as to the judgment to be rendered where the fault of the parties was of a similar nature and nearly balanced. The learned judge found that the French commentators were divided on the question, some holding that "demand for separation is barred on either side by mutual faults of the same description," while others held that, "where both parties were guilty of mutual outrages, both should have a decree of separation."

The same judge cited a number of Louisiana cases, showing that our Supreme Court

had adopted the principle of compensation in refusing divorce where the parties had been guilty of similar faults towards each other. In Thomas v. Tailleu, 13 La. Ann. 127, the wife sued the husband for a separation from bed and board on the grounds of habitual intemperance and of excesses, outrages, and cruel treatment. The defendant reconvened alleging outrages and cruel treatment on the part of his wife. The court referring to the rule of compensation said:

"That rule has its qualifications. The wrongs should be similar in nature, and so proportional in extent as to render it difficult to ascertain which party is mainly in fault."

In Castanedo v. Fortier, 34 La. Ann. 135, the views expressed by Justice Spofford in Trowbridge v. Carlin, 12 La. Ann. 882, were adopted by the court.

It would be dangerous doctrine to hold that offenses against husband or wife, made by statute sufficient grounds for an absolute divorce, can be compensated by breaches of marital duty which afford no ground for even a separation from bed and board. The true doctrine is that the mutual faults of the parties must be such as to furnish grounds for a divorce or separation from bed and board, and must be of a similar nature and gravity. In the case at bar there is no similarity between the faults of desertion and nonsupport imputed to the plaintiff and the serious charge of open and continuous adultery proven against the defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that there be judgment in favor of the plaintiff, Thomas C. Van Horn, forever dissolving the bonds of matrimony heretofore existing between him and the defendant, Rose Arantes, reserving, however, plaintiff's right to the custody of the minor child, Thomas C. Van Horn, Jr., and defendant's rights in the community property. It is further ordered that defendant pay costs in both courts.