No. 16,176

First Circuit

---

STANDARD MANUFACTURING CO. v. DUPUIS, ET ALS.

---

(May 3, 1927. Opinion and Decree.)
(June 7, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Marriage—Par. 145, 172.**

In view of Articles 131, 1786 and 2334 of the Civil Code, a pleating machine purchased by the wife out of the use of which she made money is not a separate business, trade, occupation or industry.

2. **Louisiana Digest—Marriage—Par. 145, 172.**

In view of Articles 2402 and 2403 of the Civil Code, a debt contracted by the wife for the purchase of a pleating machine is a debt of the community.

3. **Louisiana Digest—Marriage—Par. 135, 172; Estoppel—Par. 46.**

Where the husband does not object to the wife's purchase of a pleating machine

which was used for the good of the community, his silence and inaction, under Article 1817 of the Civil Code, are circumstances showing his consent to the purchase for the community, of which the husband has administration.

Appeal from the District Court, Parish of St. Mary. Hon. James D. Simon, Judge.

Action by Standard Manufacturing Company against Frank C. Dupuis, et als.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. A. Blanchard, of Morgan City, attorney for plaintiff, appellee.

Charles L. Wise, of Morgan City, attorney for defendant, appellant.

ELLIOTT, J. Suit to compel husband to pay notes signed by wife only, given by her as the purchase price of a pleating machine, on the ground that it was a community debt, and the husband, as head of the community, liable for the payment of the same.

Mrs. Frank C. Dupuis, wife of Frank C. Dupuis, bought a pleating machine from Standard Mfg. Co., and signed and delivered to the plaintiff two notes representing the purchase price, signed "Mrs. Frank C. Dupuis".

The notes were not paid at maturity and plaintiff brought suit on them against Frank C. Dupuis and Mrs. Frank C. Dupuis, alleging that they were indebted in solido unto the plaintiff for the amount of the notes, with attorney's fees as stipulated therein.

The plaintiff alleges that the notes were given in payment of the pleating machine, and that, upon information and belief, Mrs. Dupuis bought the machine as the agent of and for the benefit of the community, of which her husband was the head and master, and with his authority and approval. That it was therefore entitled to recover judgment against him for the amount due on the machine.

The defendants both excepted, urging several exceptions, among them that there was a misjoinder of parties defendant. It is not necessary for us to act on any of the exceptions to rulings, except to say that the exception of misjoinder was sustained, and plaintiff required to elect against which of them it would proceed. It elected to proceed against the husband.

The husband, for answer and defense, alleged that he was not a party to the notes, had no interest in the premises, and denied that he was indebted unto the plaintiff on said account. Denied that he knew the notes had been given in payment of said machine, and denied that the machinery had been bought by his wife as the agent of and for the benefit of their community, with his approval and authority, and prayed for judgment rejecting plaintiff's demand.

The district judge reviewed the case carefully and, for reasons stated in written opinion contained in the record, rendered judgment in favor of the plaintiff as prayed for.

Defendant appealed.

The defendant urges various defenses but the only real question is whether or

not the notes sued on represent a community obligation. The legal community of acquets and gains existed between Mr. and Mrs. Dupuis at the time and they were living together.

Defendant cites us to the Civil Code, Article 2334 (Amd. Act. 186 of 1920). That part of the article which provides: "Separate property is * * * her earning when carrying on a business, trade, occupation or industry separate from her husband." The business, trade, occupation or industry referred to must be carried on in the way provided for in Civil Code, Articles 131 and 1786. This case does not involve the wife's earnings, and the evidence shows that Mrs. Dupuis did not carry on a business, trade, occupation or industry such as the law contemplates and provides for. She lived in the matrimonial domicile with her husband and children, pleated at home in connection with her household work. She earned very little by pleating, and that little was not kept separate from the earnings of her husband; but all the earnings of both were used for the benefit of the community. Her earnings in the way mentioned were no more separate property than what she might have been paid for any other kind of work done daily or occasionally as a help to the common end. It is not claimed by the husband, and there is no evidence at all that the pleating machine enured to the separate benefit of the wife. The small use she made of it, after buying it, and the application she made of all her earnings by pleating, indicates the nature of the obligation created by the purchase.

The obligation was created by the wife living under the regime of the community and comes within the following provisions of the law:

"This partnership or community consists * * * of the produce of the reciprocal industry and labor of both husband and wife, and the estate which they may acquire during the marriage * * * by purchase or in any other similar way, although the purchase be only in the name of the two, and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase." Civil Code, Art. 2402

"In the same manner, the debts contracted during the marriage entered into the partnership or community of gains and must be acquitted out of the common fund." Civil Code, Art. 2403.

"The husband is the head and master of the partnership or community of gains. He administers its effects, disposes of the revenue they produce," etc.

According to these provisions of the Civil Code, this pleating machine was an acquisition of the community, with the result that the unpaid price of the same is a community debt of which the husband as head and master is liable. The fact that he did not sign the note which represents the purchase price, and that the wife did, cannot modify these legal provisions nor relieve him from his responsibility under the law.

Defendant contends and cites cases to the effect that a party who has not in some way signed a note is not liable on it. This is true, except in a case like the present, when a husband is liable, not on the note, but for it. The evidence shows that the husband assented to the purchase of this machine, and that he is just as liable on account of it as he would

have been for a stove or any article of furniture which the wife might have bought in a similar way and placed in the house to be used for the good of the community. He saw this machine brought and set up in the house; it has been there for more than a year. He never objected to this being done; he is therefore just as liable for it as if he had ordered it himself.

"Silence and inaction are also, under some circumstances, the means of showing assent that creates an obligation." Civil Code, Art. 1817.

The case of Shepard vs. Schoemaker, 2nd Orl. App., p. 166, cited in plaintiff's brief, appears to be very similar to the present. The report of the case in the Louisiana Digest does not show that the wife alone signed a note, and that suit was brought against her husband on the note to compel him to pay it; but it shows that the husband was sued and compelled to pay for a piano under circumstances almost exactly like the present suit, brought to compel the husband to pay for a pleating machine.

The judgment appealed from is correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.