(115 So. 575)

No. 28861.

## SCHAEFFER v. TRASCHER et ux.

## In re TRASCHER.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. **Husband and wife** ⬤═19(1)—**Statute requiring husband to provide wife with whatever is required for convenience of life is merely declaratory (Rev. Civ. Code, art. 120).**

Rev. Civ. Code, art. 120, providing that husband must furnish wife with whatever is required for the convenience of life in proportion to his means and condition, is merely declaratory.

2. **Husband and wife** ⬤═19(2)—**Husband is liable for necessaries supplied wife when he fails or refuses to supply them, but not otherwise (Rev. Civ. Code, art. 120).**

Husband is liable for necessaries supplied to his wife when he himself fails or refuses to supply them, by reason of duty to furnish necessaries imposed as incident of marriage relation, under Rev. Civ. Code, art. 120, but he is not liable for supplies furnished to wife when he himself is ready and willing to supply them.

3. **Husband and wife** ⬤═19(2)—**Husband held not liable for furniture supplied wife for separate dwelling, where he offered her any furniture that she might need (Rev. Civ. Code, art. 120).**

Husband *held* not liable for furniture supplied to wife to furnish separate dwelling, under Rev. Civ. Code, art. 120, where he offered to her, out of contents of common dwelling, any furniture that she might need, and furniture offered was suitable.

4. **Husband and wife** ⬤═19(13)—**Husband did not ratify wife's purchase of furniture by silence during separation suit, where wife had been assigned separate domicile, and he had no effective authority over her.**

Husband did not ratify purchase of furniture by wife, by his silence and inaction during pendency of suit for separation, where wife had been assigned to separate domicile by court, and he had no effective authority over her, and hence no means of forbidding or repudiating contract.

5. **Husband and wife** ⬤═19(13)—**Husband held not to have ratified wife's purchase of furniture, where he declined to pay for it immediately on being informed of purchase.**

Husband *held* not to have ratified purchase of furniture by wife for separate dwelling, where he declined to pay for it as soon as he was informed of purchase and wife notified seller that she was not in position to pay for it and would have to return it.

Suit by Joseph P. Schaeffer against John Trascher, Jr., and wife. Judgment in favor of plaintiff against the defendant John Trascher was affirmed by the Court of Appeal, and the said defendant applies for certiorari and writ of review. Judgments of the Court of Appeal and district court reversed, and plaintiff's demand against defendant John Trascher rejected.

Paul W. Maloney, of New Orleans, for petitioner.

Daly & Hamlin, of New Orleans, opposed.

ST. PAUL, J. Mrs. John Trascher, Jr., brought suit against her husband for separation from bed and board, but discontinued said suit and became reconciled to her husband. She afterwards brought a second suit against him and again discontinued her suit and became reconciled to him. See Daly & Hamlin v. Trascher, 163 La. 660, 112 So. 521.

Upon the filing of her second suit she left her husband's domicile, and after residing for a while with a friend she again left and then rented a house, which she proceeded to furnish completely at a cost of $795.

## I.

The evidence shows that the furniture was sold to her exclusively on her own credit and in the following terms, to wit:

"$15 per month for 8 months, then at least $240 cash, afterwards $30 per month until paid. Account guaranteed by Daly."

The meaning of which was that she expected to collect from her husband in a lump sum, within 8 months, back alimony at the rate of $90 per month, and current alimony thereafter at the same rate, and that "Daly" (her attorney) would see that she carried out her agreement. Cf. Daly & Hamlin v. Trascher, supra.

## II.

This is an effort on the part of plaintiff, who sold her the furniture, to collect the amount of the bill from the husband on the ground (1) that it was for necessary supplies which the husband was bound to furnish, and (2) that the husband ratified the purchase.

## III.

[1] We do not think that plaintiff is entitled to recover from the husband. Article 120, R. C. C., provides that the husband is obliged to furnish his wife with "whatever is required for the convenience of life, in proportion to his means and condition." This, however, is simply the announcement of a principle of universal law as old as the dawn of creation and founded on the law of nature.

[2] From which it follows that a husband is liable for necessaries supplied to his wife when he himself fails or refuses to supply them. Van Horn v. Arantes, 116 La. 130, 40 So. 592. But the reverse of this is equally true, to wit, that the husband is not liable for supplies furnished to the wife when he himself is ready and willing to supply them. In the language of Chief Justice Best in Seaton v. Benedict, 5 Bing. 28, 2 Smith's Leading Cases, 491:

"A husband is only liable for debts contracted by his wife on the assumption that she acts as his agent. If he omits to furnish her with necessaries, he makes her impliedly his agent to purchase them. If he supply her properly, she is not his agent for the purchase of an article, unless he see her wear it without disapprobation."

For, in such case, there is no *necessity* entitling the wife to pledge the husband's cred-

it. 30 C. J. 590. And it is quite immaterial that the authority of the wife to purchase necessaries on her husband's credit, as well as the liability of the husband therefor, need not be based on any theory of *agency* on her part, express or implied, and that it suffices to say that it results from the duty to furnish necessaries, imposed on the husband by law as an incident of the marriage relation, and of his failure or refusal to perform that duty. For the authority for any one to perform that duty in his behalf, ex humanitate, towards the wife, can only arise when he himself fails or refuses to perform that duty. This rule compels the husband to pay in a proper case, and at the same time affords him some protection against the extravagance of a wife in purchasing what she does not need. Wanamaker v. Weaver, 176 N. Y. 75, 83, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621.

[3] In this case the evidence shows that the husband offered to his wife, out of the contents of the common dwelling, any furniture she might need to furnish the house which she was about to take, and that the furniture he offered her was "all right," but the wife refused to take it simply because she wanted all new furniture. Our finding in Daly & Hamlin v. Trascher, supra, that the husband "refused to furnish her [the wife] with anything whatsoever," must be read in connection with what was then under consideration, to wit, "cash for her support during the proceedings"; the matter of *furniture* was not involved and had not even been mentioned.

[4] As to the proposition that the husband ratified the purchase, the fact is that the husband had no effective authority over his wife after she left his domicile and had been assigned to separate domicile by the court, and hence had no means of forbidding or repudiating any contract which she might undertake to make in her own behalf and on

her own exclusive credit, such as she did in connection with the furniture herein involved. So that his silence and inaction during the pendency of the suit for separation is of no consequence whatsoever, even had he known that his wife had purchased said furniture entirely on credit and had not paid for it in cash or merely rented it.

[5] But the evidence shows that, as soon as the wife informed her husband that she had purchased the furniture on credit (which was just when they became reconciled and were about to return to the common domicile), he at once declined to pay for it and *she* notified plaintiff that she was not in a position to pay for it, and would have to return it. Eventually, upon plaintiff's refusal to accept the furniture, it was stored for his account.

Our conclusion is that under the circumstances the husband is not liable for the furniture thus purchased by the wife and that the district court and Court of Appeal erred in holding that he was.

### Decree.

The judgments of the Court of Appeal and of the district court are therefore reversed, and it is now ordered that plaintiff's demand against John Trascher, Jr., be and it is hereby rejected, at his cost in all courts.