**L. FEIBLEMAN & CO., INC., v.
O'ROURKE**

———

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)
(February 5, 1930. Writ of Certiorari and
Review Denied by Supreme Court.)

———

Deutsch & Kerrigan, and Bert Flanders, Jr., of New Orleans, attorneys for plaintiff, appellee.

E. M. Stafford, and Howard Carter, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit by a department store against the husband for purchases made on open account by his wife. The amount claimed is $193.03, for which judgment was rendered as prayed for, and defendant has appealed. Defendant resists payment of the account upon the ground that the items of which it is composed were not necessary, since he had supplied his wife with everything she needed consistent with his station in life.

Article 120 R. C. C. provides that the husband is obliged to furnish his wife with "whatever is required for the convenience of life, in proportion to his means and condition."

In Schaeffer vs. Trascher, 165 La. 315, 115 So. 575, 576, it was held that "a husband is liable for necessaries supplied to his wife when he himself fails or refuses to supply them. Van Horn vs. Arantes, 116 La. 130, 40 South. 592. But the reverse of this is equally true, to-wit: that the husband is not liable for supplies furnished to the wife when he himself is ready and willing to supply them."

Defendant and his wife were married in 1924 and lived together more or less happily for four years, when a suit for separation was instituted. Defendant claims to have allowed his wife the sum of $25 per week, out of which she was expected to

purchase the groceries and marketing and such clothing as she might require. He was not very impressive as a witness, since, when first questioned, he could not tell the amount of his income, or the number of pieces of real estate which he owned, and would not hazard an approximation. He ultimately admitted that he owned about fifteen pieces of property and guessed his income to be in the neighborhood of $550 a month, out of which sum he claimed to have a net income of only $150, though he is by no means clear in accounting for the difference. By net income he means the amount remaining after paying about $200 a month to the homestead on account of certain mortgages resting on his property and making an allowance to his wife for housekeeping expenses. On the other hand, his wife testified that she received only $15 a week and was expected to provide food for both of them and dress herself on what might be left out of this meager sum. She testifies, and it is not contradicted, that the account with plaintiff is the only one which she opened during their married life. The account is made up of items relating exclusively to female attire, dresses, underclothing, a number of stockings, "teddies" and "step-ins," which counsel for the defendant husband contends were excessive as to quantity and of unnecessary quality. The defendant has not satisfied us that he supplied his wife with sufficient funds to permit of her clothing herself in a manner consistent with his circumstances. Even if his statement concerning the $25 per week is correct, and it is not established by the evidence, that amount would hardly be sufficient to supply food for both of them and clothing for his wife. We are not certain as to whether the articles mentioned were necessary or not, or whether they were in such quantity, or of such quality as defendant's means and condition warranted, and we are unable to say with any confidence the exact number of dresses, stockings, "teddies" and "step-ins" which a lady in the situation of Mrs. O'Rourke would or should require, but since this is the only account which she charged to him during the four years of their married life, and that account was opened just prior to their separation, we take it that she must have been very much in need of clothing, and the amount of the bill does not appear to us excessive in the light of such information as we have on such subjects.

The trial judge was of that opinion and we agree with him.

For the reasons assigned the judgment appealed from is affirmed.