O’NIELL, Chief Justice
 

 (dissenting).
 

 The testimony tendered by Mrs. Shannon, to prove that the property that she received, by virtue of the contract complained of, was only her share, or less than her share,
 
 *597
 
 of the community property, and that her husband received his share, or more than his share of the community property, did not tend to contradict or change the written contract. Hence the testimony was admissible for the purpose of proving that Mrs. Shannon received no consideration whatever for surrendering her right to alimony during her marriage to Mr. Shannon. The alimony which a husband owes to his wife during a separation from bed and board is alimony pendente lite, and is founded upon the duty imposed upon the husband by law to support his wife, as long as the marriage remains undissolved. Schaeffer v. Trascher, 165 La. 315, 318, 115 So. 575, 576. In fact there is a statute (Act No. 34 of 1902) making it a criminal offense for a man to willfully fail or neglect to support his wife. A wife whose’husband fails or neglects to support her may, by means of a prosecution under Act No. 34 of 1902, compel the husband to give bond to support her, pending a sentence if he be found guilty of failing or neglecting to support her. Van Horn v. Arantes, 116 La. 130, 133, 134, 40 So. 592, 593.
 

 It was not necessary for the wife to allege that the contract by which she is said to have bartered away her right to alimony, during her marriage, was made in contravention of a prohibitory law. That the contract was made in contravention of the prohibitory law (Act No. 34 of 1902) is a proposition of law, and not an allegation of fact. It was said in Van Horn v. Arantes that Act No. 34 of 1902 showed that it was a matter of public policy, or the policy of the law, to compel the husband to perform the duty of supporting his wife as long as the marriage remains undissolved. The Civil Code, in article 12, declares that whatever is done in contravention of a prohibitory law is void, although the nullity be not formally expressed. In the English translation of this article it is said, “although the nullity be not formally directed.” But the word directed is a very liberal, if not wrong, translation of the French word exprimée, which, according to Spiers & Surenne’s Dictionary, means “expressed.” Mrs. Shannon’s statement of the facts, in her petition, showed the contract to be absolutely null.