KELLER ZANDER, Inc., v. COPELAND
et al.

No. 17321.

Court of Appeal of Louisiana. Orleans.
June 4, 1940.

Rehearing Denied June 13, 1940.

Writ of Certiorari Denied July 18, 1940.

Alvin N. Zander, of New Orleans, for appellants.

Walter M. Barnett, Jr., of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Keller-Zander, Inc., a New Orleans Department Store, brought this suit against Mrs. Marie C. Copeland and her husband, Paul La Riviere, seeking to recover the sum of $111.87 representing the price of certain wearing apparel which was purchased from it by Mrs. Copeland on credit during the months of December 1937 and January 1938. Plaintiff's cause of action as against Mr. La Riviere is based upon the allegation that the goods which were purchased by his wife were necessaries for which he became responsible under the provisions of Article 120 of the Civil Code. The suit was discontinued as to Mrs. Copeland by the plaintiff and the issue presented at the trial related solely to Mr. La Riviere's responsibility.

Mr. La Riviere denies any and all liability for the purchases made by his wife. His principal defense is that credit was never extended by the plaintiff to his wife on the theory that the goods purchased were necessaries; that he and his wife had separate accounts at the store; that the purchases were charged to his wife's account and that it was only later, when the plaintiff was unable to collect from his wife, that it ever contended that he was responsible.

After a trial of the matter on its merits, there was judgment in favor of the defendant and plaintiff's suit was dismissed. Wherefore this appeal.

The facts of the case are, for the most part, not seriously contested and we find them to be as follows: During the year 1931, the defendant married a widow by the name of Mrs. Marie C. Copeland. At the time of the marriage, Mrs. Copeland had funds of her own which she had acquired from her first marriage. It further appears that she had maintained for a number of years a charge account at the plaintiff's store in the name of Mrs. M. Copeland. The defendant likewise had a charge account at plaintiff's store which was carried in his own name. Sometime after the marriage, Mrs. Copeland became mentally ill and, subsequent to the time she made the purchases now in contest, she was committed to an insane asylum.

The defendant states in his testimony that, when he first discovered the mental condition of his wife, he went to the plaintiff's store and informed the Credit Manager, a Mr. John G. Furr, that he did not wish to be responsible for any purchases made at the store on his charge account unless such purchases were made by him in person. In conformity with these instructions, the plaintiff approved, on May 30, 1934, an application for credit in the name of Paul La Riviere and noted thereon that no one except Mr. La Riviere himself would be authorized to purchase goods on his charge account.

The purchases were made by the defendant's wife in December 1937 and January 1938 and they were charged to her separate account which stood in the name "Mrs. M. Copeland". Statements were sent out by the plaintiff addressed to Mrs. Copeland and it was only sometime later, when defendant's wife failed to pay, that plaintiff took the position that Mr. La Riviere was liable.

■ Conceding that the wearing apparel purchased by the defendant's wife would ordinarily be considered to be necessaries, we have no hesitancy in holding that, under the foregoing facts, Mr. La Riviere is not responsible. The credit was never extended by the plaintiff company to defendant's wife on the belief that Mr. La Riviere would be held. On the contrary, the goods were charged to the account of Mrs. M. Copeland just as other articles had been charged to her account in the past and it was only after the plaintiff

discovered that she was not going to pay her bill that it belatedly took the position that Mr. La Riviere was liable.

Mr. Furr, Credit Manager for the plaintiff, denied the statement given by Mr. La Riviere and asserted that the latter did not at any time instruct him not to extend the facilities of his charge account to his wife. This testimony does not impress us and we find not only that it is insufficient to offset the credible statement of Mr. La Riviere but that it is in discord with the facts and circumstances surrounding the transaction which disclose that the credit was extended to Mrs. Copeland and that the price of the goods were charged to her account.

Plaintiff's counsel, however, maintains that, even though the credit was not extended by it to Mrs. Copeland on the theory that her husband was responsible, the defendant is nevertheless liable because the goods purchased by her were necessaries. The case of D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A. L.R. 905, is cited in support of the proposition.

▮▮▮ The point is without merit. It is the settled jurisprudence of this State that, while a husband may become responsible to a merchant, under Article 120 of the Revised Civil Code, for his wife's purchases for necessaries, a third person who has extended credit to a wife can invoke the codal provision only in cases where it is shown that the husband has failed or has refused to supply her with such necessaries. See Van Horn v. Arantes, 116 La. 130, 40 So. 592; Schaeffer v. Trascher, 165 La. 315, 115 So. 575; and Adams v. Golson, 187 La. 363, at page 371, 174 So. 876. It therefore follows that, at the time the wife contracts the obligation, the creditor must have grounds to believe (1) that the purchase is for necessaries and (2) that the husband has failed or refused to provide the wife with the needs of life. In the instant case, the plaintiff has not only been unable to show that Mr. La Riviere had ever failed or refused to provide his wife with the wearing apparel necessary for her comfort and appearance in accordance with his means but, conversely, it clearly appears that the plaintiff did not, at the time the purchases were made, extend the credit to Mrs. Copeland under the belief that her husband was responsible. In truth, the present claim

against Mr. La Riviere is merely an afterthought.

The case of D. H. Holmes Co. v. Morris does not support plaintiff's contention in any respect. In that matter, the Supreme Court granted writs of certiorari to this court to review our decision in D. H. Holmes Co. v. Van Ryper, 173 So. 584 where we held that a wife, who bought a wrist watch at the plaintiff's store, was not personally responsible because the purchase had been made with the distinct understanding that it would be charged to her husband's account. In reversing our ruling, the Supreme Court found that, while we were in error in concluding that the wife was not personally responsible to the plaintiff, we were correct in exonerating her husband from liability.

Being of the opinion that the decision of the trial judge is correct, the judgment appealed from is affirmed.

Affirmed.