44 So.2d 160 (1950)
MATHEWS FURNITURE CO., Inc.
v.
LA BELLA.
No. 19427.
Court of Appeal of Louisiana, Orleans.
January 30, 1950.
*161 Benjamin Washastrom and E. I. Mahoney, New Orleans, for defendant and appellant.
Weiss & Weiss and Harold Marx, Jr., New Orleans, for plaintiff and appellee.
JANVIER, Judge.
Plaintiff corporation is engaged in the retail furniture business in New Orleans. It brings this suit against Charles La Bella and prays for judgment in the sum of $118.75, with 8% per annum interest and attorney's fees at 20% on the total amount. The suit is brought on a note executed by Mrs. Charles La Bella on December 19, 1947, which is alleged to have been given by Mrs. La Bella for certain household furniture purchased by her. The note was originally executed for $168.75, and is payable $16 on the date on which it was executed, $15 on the delivery of the furniture and the balance at the rate of $11.55 per month. It provides for interest at the rate of 8% per annum on each installment from its due date and for attorney's fees at 20% on the aggregate amount which might be due should it be necessary to employ an attorney. And it also contains an acceleration clause under which failure to pay any installment at its maturity matured the entire unpaid balance.
It is alleged that Charles La Bella is liable on the note executed by his wife because "the goods, wares and merchandise purchased, the payment of the purchase price of which was secured by said note, constituted necessites, and because said purchases were authorized, approved and ratified by the defendant, Charles La Bella." It is alleged that there is an unpaid balance of $118.75 due on the said note.
La Bella filed exceptions of no right of action and of no cause of action and of vagueness, and at the same time, as required by the rules of the First City Court of New Orleans, he filed an answer in which, for lack of information, he denied all the material allegations of the petition and averred that he at no time failed to provide his wife with all necessites of life. He averred, too, that at no time did the plaintiff corporation look to him for payment, and that it had extended the credit to Mrs. La Bella from whom he had been living separate and apart "for a number of months."
*162 Defendant also averred that Mrs. La Bella had gone into bankruptcy; that plaintiff had appeared in the bankruptcy proceedings for Mrs. La Bella, and that until the institution of the bankruptcy proceedings of Mrs. La Bella, plaintiff had made no attempt to collect the note from him.
The exceptions were overruled, and after a trial there was judgment for plaintiff as prayed for. Defendant has appealed.
We are not at all certain that the entire controversy could not have been decided on the exceptions of no cause of action and no right of action, but since the matter went to trial on the merits and since evidence was adduced and that evidence, which clears up certain facts concerning which the allegations were possibly slightly vague, is now before us, we think it best to consider it.
It is contended on behalf of defendant that whatever may be the effect of Article 120 of our Civil Code, and regardless of the fact that it has often been held that as a result of that article one who, on the credit of the husband, provides the necessities of life to the wife, may recover the price of those necessities from the husband who may have failed to provide them, this is true only where the credit has been furnished to the husband, and is not true where obviously the sale was made to the wife on her own credit and the merchant who provided the necessities expected to receive payment from her.
The question of what effect should be given to Article 120, as between the husband and the person who may have furnished the necessities of life to the wife, has been many times considered by the Courts of this State, and several of these decisions have been called to our attention. We have given consideration to Van Horn v. Arantes, 116 La. 130, 40 S.E. 592; Schaeffer v. Trascher, 165 La. 315, 115 So. 575; Standard Manufacturing Co. v. Dupuis, 6 La.App. 476; Keller-Zander, Inc., v. Copeland, La.App., 196 So. 527 and D. H. Holmes Co., Ltd., v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905.
As a result of these decisions and several others we find ourselves in no doubt at all that where the articles furnished are such as the husband should have provided "for the convenience of life, in proportion to his means and condition," and it appears that the husband did not furnish these articles, and it further appears that the person who furnished the articles did so under the belief that he was furnishing them on the credit of the husband, he may recover the value or price thereof from the husband.
We have some little doubt concerning the question of whether the person, who attempts to recover from the husband under such article, is under the burden of proving that they were necessities and that the husband did not furnish them, or whether the husband, who is sued, must set up in defense that the articles were not necessary, or that he himself had already adequately provided for the wife. This doubt on our part as to where lies the burden of proof in such a situation results from our fear that if the merchant, who provides necessities to the wife, may do so only after investigating these facts and after determining that the husband has failed to provide them and then must bear the burden of proving those facts, possibly the object which is sought to be accomplished, that is, to give the wife the right to obtain food or real obvious necessities, may be defeated.
We recognize, of course, that we ourselves said in Keller-Zander, Inc., v. Copeland, supra [196 So. 529], that "a third person who has extended credit to a wife can invoke the codal provision only in cases where it is shown that the husband has failed or has refused to supply her with such necessaries", thus indicating that the burden is on the person who furnishes the supplies. And we realize, too, that in D. H. Holmes Co. Ltd., v. Morris, supra, the Supreme Court came very close to saying the same thing when, in reaffirming what it had previously said in Schaeffer v. Trascher, supra, that Court said [188 La. 431, 177 So. 419]: "* * * that there was no authority for any outsider to take upon himself ex humanitate, the duty of the husband to furnish his wife the necessaries of life, unless the husband failed or refused to perform that duty. * * *"
*163 If we felt that it is well and completely established by those, or by other decisions, that the burden is on the merchant to produce such proof, then we could at once decide the case on the fact that the merchant, who is plaintiff, and who sold the furniture to the wife, has completely failed, we think, to prove either that the articles were necessaries or that the husband had failed to adequately provide all such necessities. Being in some doubt on that question, however, we prefer to base our conclusion on what we consider a firm legal foundationthat where the merchandise is sold to the wife and obviously the credit is extended to the wife in her own name and not as the agent for the husband, and not because the merchant is attempting to provide those things, which under Article 120 of the Code the husband should have provided, there can be no recovery from the husband unless it is shown that he has authorized or ratified the purchase.
We realize that in Standard Manufacturing Co. v. Dupuis, supra, this Court considered facts which, at first, might seem to present the identical legal question which is now before us. There the wife gave notes for the purchase price of a pleating machine and when she failed to pay those notes, suit was brought against the husband. It was held that the husband was liable. This Court said that in such a case "a husband is liable, not on the note, but for it." We see, however, at least two reasons for distinguishing that case from this. There it was not contended that the pleating machine was a necessary article which the husband had failed to furnish. It was not contended that Article 120 of the Civil Code had any application to the situation. The only contention of the husband was that the pleating machine was used by the wife in carrying on a business, trade, occupation or industry separate from her husband and that therefore since, because of the effect of Article 2334 of the Civil Code, as amended by Act No. 186 of 1920, the wife's earnings were her separate property, the husband was in no way concerned with or liable for the purchase price of the pleating machine. The Court then found that there was "no evidence at all that the pleating machine enured to the benefit of the wife" and that she "did not carry on a business, trade, occupation or industry such as the law contemplates and provides for." Having found then that the wife used the machine "for the benefit of the community", the Court said that the husband should be held liable for its purchase price and, therefore, could be held for the amount of the note, not on the note, but for it. Article 120 of the Civil Code was not referred to in the entire decision.
Furthermore, the Court held that the husband could be held liable because of his tacit ratification of the purchase of the pleating machine, saying: "* * * He saw this machine brought and set up in the house; it has been there for more than a year. He never objected to this being done; he is therefore just as liable for it as if he had ordered it himself."
Even had the Court considered the contention which is here made that the credit was extended to the wife in her own name and not as agent for the husband, it is possible that, because at that time Act No. 283 of 1928 had not been passed, the same conclusion which it had reached would have been arrived at. By that statute the amancipation of women was completed. By it, says the Supreme Court in D. H. Holmes Co., Ltd. v. Morris, "* * * married women were declared fully emancipated and relieved of all of the incapacities to which, as such, they were theretofore subject, and were empowered to enter into contracts and obligations of all kinds, without the authority of the husband or of the judge. * * *"
Bearing in mind that when Standard Manufacturing Co. v. Dupuis, supra, was decided the act of 1928 had not been passed, it must be realized that possibly had the contention, which is now made, been presented, the Court would not have accepted it as sound for this reason: If, at that time, the purchaser of the pleating machine, the wife, who gave the note, was not authorized by law to bind herself, then the vendor of the pleating machine, as a matter of law, could not have looked to her for payment and could have looked only to the husband *164 as head of the community to which the sale was made. The note was an absolute nullity. It had no effect whatever. It was nothing more than a scrap of paper.
Not so here. As a result of the emancipatory statutes, the last of which was the act of 1928, a wife has full authority to enter into any obligation in her own name, and Mrs. La Bella had full authority to bind herself for such purchases as she might desire to make.
If, considering the condition in life of her husband, the furniture which she bought could be classed as necessary, and if the husband had not already furnished it, she could have bought it and the merchant who sold it could have looked to the husband for payment had he sold it for account of the husband. Obviously he did not do so, but sold the furniture to the wife on her own credit and accepted her note. He cannot look to the husband.
Where a wife makes a purchase on her own credit she may be held liable. This was held in D. H. Holmes Co., Ltd. v. Morris, supra.
In Keller-Zander, Inc. v. Copeland, supra, we found a case in which a husband and a wife had separate accounts at a local store. The purchases sued on had been made by the wife and had been charged to her own account. When payment was not forth-coming, the merchant attempted to make collection from the husband. We said [196 So. 528]: "* * * the goods were charged to the account of Mrs. M. Copeland just as other articles had been charged to her account in the past and it was only after the plaintiff discovered that she was not going to pay her bill that it belatedly took the position that Mr. La Riviere [the husband] was liable." (Brackets ours.)
In Schaeffer v. Trascher, supra, purchases were made by a wife who was living apart from her husband. It was held that the husband was not liable. Although the wife and the husband were not living together, the decision was based on the fact that the purchases were made by the wife "* * * in her own behalf and on her own exclusive credit * * *." [165 La. 315, 115 So. 576.]
We conclude that where a merchant sells to a married woman on her own exclusive credit and takes her own note, he may not later look to the husband for payment unless it appears that the husband either authorized the purchase or later ratified it. And we have no hesitation in saying, from the record here, that the husband did not authorize the purchase and did not later ratify it. We find nothing to contradict his statement that, although at times he and his wife may have lived together and he may have noticed that the furniture was present, he had furnished all necessary furniture and did not know the source from which this particular furniture was obtained.
Counsel for plaintiff have vehemently argued that it is not practical in the furniture business to require that the husband be present and authorize the purchase or to require that the husband sign such note as may be demanded. Counsel say that many times sales would be lost if it was required that the husband be present. That is a misfortune under which the merchant labors, but if he chooses to take a short cut and to sell directly to the wife, he does so at his peril.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and plaintiff's suit is now dismissed at its cost.
Reversed.