49 So.2d 875 (1951)
D. H. HOLMES CO., LIMITED,
v.
HUTH et al.
No. 19605.
Court of Appeal of Louisiana, Orleans.
January 2, 1951.
C. L. Stiffell, New Orleans, for plaintiff and appellant.
Albert J. Flettrich, New Orleans, for Harvey C. Huth, defendant and appellee.
McBRIDE, Judge.
Mr. and Mrs. Harvey C. Huth, who were married in August of 1948, established their matrimonial domicile at the home of the husband's mother, until about November 21, 1948, when they separated, Mrs. Huth going to live at the home of her mother. The uncontradicted testimony shows that Mrs. Huth was not at fault, and that the separation was caused by Mr. Huth's mother, who ordered Mrs. Huth from her home at one o'clock on the morning of the separation.
While the parties were still extrajudicially separated, Mrs. Huth, on December 13, 1948, applied for credit on an installment plan, euphemistically termed a club plan, in her own name at D. H. Holmes Co., Ltd., a department store in the City of New Orleans, and the credit was extended to her on an account labeled, "Mrs. H. C. Huth, 1927 Melpomene Street." She purchased two dresses at $42.90, one umbrella at $5.98, one bottle of cologne at $1.50, two pairs of hose at $3.90, one scarf at $1.98, one shirt at $8.95, one shirt at $3.50, one necklace at $7.50, one pair of earrings at $4.00, one pair of slippers at $2.95, one bra at $2.50, one girdle at $3.49, one slip at *876 $5.98, one gold necklace at $4.00, one gold bracelet at $2.00, another dress at $15.95, all plus taxes and carrying charge of $6.78, total $131.41.
On the day the account was opened, Mrs. Huth paid $5.00 on account, and she made two other payments aggregating $7.00 during December, 1948, or total payments of $12.00. The balance due on the bill was $119.41.
On April 20, 1949, D. H. Holmes Co., Ltd., filed this suit alleging that the merchandise was sold to Mrs. Huth for the account of the marital community of acquets and gains, and that Harvey C. Huth was liable for the balance due, as head and master of the community. The petition alleged, in the alternative, that if the court should determine that in purchasing the merchandise Mrs. Huth acted without the expressed, implied, or apparent authority of her husband, and that if the community of acquets and gains is not liable, then, in that event, plaintiff should have a judgment individually against Mrs. Huth for the balance due. Judgment was prayed for against Huth, and in the alternative against Mrs. Huth.
Harvey C. Huth, after denying the allegations of the petition, alleged that he is in nowise liable for the amount claimed by plaintiff, inasmuch as his wife separated from him before any of the items shown on plaintiff's statement were sold to her. The answer further alleges that the sale was made to Mrs. Huth upon her credit alone, without his knowledge, consent, acquiescence, or ratification; that plaintiff made no effort whatsoever to verify the authority of Mrs. Huth to open the account, and at no time ever contacted him regarding the matter. It is further alleged that the goods purchased did not constitute necessaries of life. Mrs. Huth filed no answer to the suit.
The matter was tried on the above issues, and after hearing the evidence, the trial court rendered judgment dismissing plaintiff's suit as to Harvey C. Huth. Plaintiff has taken this appeal.
The evidence reflects that, while the account was opened in the name of Mrs. Huth, D. H. Holmes Co., Ltd., extended the credit on the basis of Mr. Huth's financial standing. It appears that the store made investigation of Huth's financial responsibility before opening the account.
As theretofore stated, the parties were married in August, 1948, and separated a few months later. Mrs. Huth testified that since the marriage her husband "never gave me a thing," and that when she negotiated the account with the plaintiff, she was in necessitous circumstances. She stated that during the separation she and her husband "stayed together" for a few days, and that he promised to give her some money, but that he failed to do so. She later made a complaint against him in the Juvenile Court, but court officials were unable to locate him, and nothing came of the matter.
Plaintiff contends that art. 120, R.C.C., is the law which governs the case. It is argued on plaintiff's behalf that Huth was derelict in his matrimonial obligations to receive his wife, and to furnish her with whatever was required for the convenience of life, and that he failed to furnish her with funds, although he had promised to do so; that as a consequence, Mrs. Huth was forced to purchase the articles sold to her by plaintiff, all of which constitute necessaries of life.
On many occasions, art. 120, R.C.C., has been considered by the courts, and our attention has been directed to some of the decisions. As a result of the holdings in the cases cited, and in several others, there is no doubt that where the articles supplied to the wife are such as the husband should have provided "for the convenience of life, in proportion to his means and condition," and it appears that the husband failed to furnish those articles, and that the person who furnished them did so under the belief that he was furnishing them on the credit of the husband, he may recover the value or price thereof from the husband. Keller-Zander, Inc., v. Copeland, La.App., 196 So. 527; D. H. Holmes Co., Ltd., v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905; Schaeffer v. Trascher, 165 La. 315, *877 115 So. 575; Van Horn v. Arantes, 116 La. 130, 40 So. 592.
The husband's duty is to provide for the support of his wife at the matrimonial domicile, but he is nevertheless under the obligation to furnish support to her if she is forced to find shelter elsewhere, when the separation was not caused through her fault. Van Horn v. Arantes, supra, and In re Baurens, 117 La. 136, 41 So. 442.
Counsel for appellee stresses the point that the account was carried in the name of Mrs. Huth, and he argues that such circumstance demonstrates that the plaintiff entertained no thought of extending the credit to Mr. Huth, but on the contrary extended it only to Mrs. Huth, who was the only person known to it in the transaction, and that therefore she, and not Mr. Huth, is liable for the balance of the bill.
Counsel endeavors to analogize the instant case with Mathews Furniture Co. v. La Bella, La.App., 44 So.2d 160, 164 (writs refused), wherein a wife, who had been separated from her husband for several months, purchased certain furniture, and in representation of the purchase price she gave the merchant her personal note. We held that under Act No. 283 of 1928 a wife is authorized to enter into binding contracts in her own name and without the intervention of her husband, and because of the peculiar facts of the case we absolved the husband from liability, saying:
"* * * As a result of the emancipatory statutes, the last of which was the act of 1928, a wife has full authority to enter into any obligation in her own name, and Mrs. La Bella had full authority to bind herself for such purchases as she might desire to make.

* * * * * *
"Where a wife makes a purchase on her own credit she may me held liable. * *"
We experience no difficulty in distinguishing Mathews Furniture Co. v. La Bella from the instant case. There, the merchant did not supply the furniture on the credit of the husband, but dealt solely and only with the wife, taking her note for the purchase price; nor did it appear that the husband had failed to provide his wife with furniture, if such could be classed as a necessary.
Since the date of their marriage, according to the unrefuted testimony of Mrs. Huth, her husband at no time supplied her with money or articles of clothing, and at the time she made the purchases from plaintiff, she was in necessitous circumstances, and needed the articles in question.
We are convinced that in this case D. H. Holmes Co., Ltd., although opening the club plan in the wife's name, did so only after an investigation of the husband's financial responsibility, and the credit was extended to Mr. Huth. The fact that the account was carried in the wife's name, of itself, would not relieve the husband from liability.
In D. H. Holmes Co., Ltd., v. Van Ryper, La.App., 173 So. 584, 585, we held a husband liable for necessaries furnished the wife upon his credit, although the account was carried in the name of the wife, and the parties were not living together at the time. We said there: "* * * We find it unnecessary to pass upon this exception for the reason that the evidence plainly shows that the credit extended by the plaintiff was not to Mrs. Morris, but to the community of acquets and gains existing between her husband and herself and for which her husband alone is responsible."
Appellee's counsel contends that the clothing was unreasonably expensive, and that the other items shown on the account, such as, the umbrella and jewelry, cannot be considered as necessities of life, and that Huth was not obligated to furnish her with such articles, as they are out of proportion to his means and condition.
Huth is earning $42.50 a week. We do not think it can be said that the articles purchased constitute such an extravagance on the part of Mrs. Huth as is out of proportion to his means, considering the fact that he had never furnished her with any money or clothing since the marriage. The dresses appear to be nominally priced, and while some jewelry is shown on the account, those articles are what is termed costume jewelry, and seem to be a necessary *878 part of the present day woman's garb. No one can doubt that the umbrella is in the category of a necessity. While two men's shirts were purchased, Mrs. Huth testified that she wears such with slacks "around the house," and that she was in need of them.
Plaintiff prays for interest at the rate of five per cent from February 20, 1948. It has not been shown when the account became due, or when demand was made upon the defendant, Huth, and therefore we believe that interest should be allowed at the legal rate from judicial demand.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be reversed, and that there now be judgment in favor of plaintiff-appellant, and against defendant, Harvey C. Huth, for the full sum of $119.41, with legal interest from judicial demand until paid, and for all costs of these proceedings.
Reversed.
REGAN, J., concurs.