JANVIER, Judge.
Dr. Louis J. Gehbauer, Jr., has appealed suspensively from a judgment for $446 which was rendered in confirmation of default by the Civil' District Court for the Parish of Orleans against him and Mrs. Gehbauer solidarily. Mrs. Gehbauer has not appealed.
It is the contention of appellant that judgment should not have been rendered against him, since the suit is for the purchase price of certain articles which were furnished to his wife, and there is no allegation in the petition nor proof in the record to the effect ■that the articles were necessaries, or that Dr. Gehbauer failed or refused to supply his wife with any such necessaries.
In the petition it is alleged that “upon order of Mrs. Louis J. Gehbauer, your petitioner tailored, sold and delivered to said defendant several articles of wearing apparel; as per itemized bill attached hereto and made part hereof, aggregating the sum of Four Hundred Forty-six ($446.00) Dollars”. The petition contains the further allegation.
“That your Petitioner is informed and she believes that there is pending1 in this Court, a separation action between said defendants, but that at the time of said sale and delivery, both defendants were living together as man and wife, and that therefore, the husband, as head and master of the community, is responsible for said debt.”
When Dr. Gehbauer failed to answer the petition, plaintiff, in confirmation of default, testified that she had furnished to Mrs. Gehbauer wearing apparel for which the price was $446, and that she had not been paid.
While the petition does not state just what articles of wearing apparel were furnished, there is attached to it a list of those articles, reading as follows:-
Blk Dress $ 64.00
Alterations on Suits and Dresses 37.50
Slacks • 32.50
Strip Dress 42.00
Blue Formal ■ 175.00
Green Formal ■ 95.00
$446.00
This list was not offered in evidence.
Not one iota of evidence was offered in an effort to show the, station in life or the economic status of Dr. Gehbauer, or that the articles furnished to Mrs. Gehbauer were necessaries, or that Dr. Gehbauer had not furnished all necessary wearing apparel for Mrs. Gehbauer.
Counsel for plaintiff places reliance on Article 120 of our LSA-Civil Code, and argues that all wearing apparel is “ipso facto” a necessity and that consequently a husband is always liable for the cost of any such wearing apparel as may have been furnished to his wife. Article 120 reads as follows:
“The wife is bound to live with her husband and to follow- him wherever-he chooses to reside; the husband is obliged to receive her and to furnish ' her with whatever is required for the convenience of life, in proportion to his means and condition.”
*783 Our attention is directed to two.cases in which it was held that certain artiqles of wearing apparel which were furnished to the wife were necessaries and that therefore the husband was liable for the price thereof. These two cases are: D. H. Holmes Co. v. Morris, 188 La. 431, 177 So. 417, 114 A.L.R. 905, and D. H. Holmes Co. v. Huth, La.App., 49 So.2d 875.
In the Morris case, supra, which was first decided by this Court as D. H. Holmes Co. v. Van Ryper, La.App., 173 So. 584, 585, the total price of the articles which were held to be necessaries was $24.05, and there was evidence as to the station in life of the husband which indicated that such modest purchases might be considered as necessaries. Furthermore, the evidence in that case showed that the credit had been extended “to the community of acquets and •gains existing * * * ” between the husband and the wife. We held that the husband could not be held liable for a wrist watch the price of which was $250. It is true that the Supreme Court granted a writ of certiorari in that case, but did not disagree with us in our holding that the husband could not be held liable for the price of the wrist watch. All that the Supreme Court did was to hold that the wife who bought the wrist watch might herself be held liable therefor.
In the Huth case the station in life of the husband was shown, and we held that the articles purchased could be considered as necessaries, taking into consideration his station in life. The total amount sued for in that case was $119.41.
Here there is not one word to show the husband’s income, nor anything else to indicate that such articles as a formal dress for $175 or another one for $95, or other articles of a rather substantial value could be considered as necessaries.
There has been called to our attention no case in which it was held that merely because the articles furnished to the wife consisted of wearing apparel the husband was, by that fact alone, made liable for the cost of said articles.
In Keller Zander, Inc. v. Copeland, La. App., 196 So. 527, 529, we said:
“ * * * It is the settled jurisprudence of this State that, while a husband may become responsible to a merchant, under Article 120 of the Revised Civil Code, for his wife’s purchases for necessaries, a third person who has extended credit to a wife can invoke the codal provision only in cases where it is shown that the husband has failed or has refused to supply her with such necessaries. See Van Horn v. Arantes, 116 La. 130, 40 So. 592; Schaeffer v. Trascher, 165 La. 315, 115 So. 575; and Adams v. Golson, 187 La. 363, at page 371, 174 So. 876. It therefore follows that, at1 the timé the wife'contracts the obliga-tion, the creditor must have grounds to' believe (1) that the purchase is for necessaries and (2) that the husband, has failed or refused to provide the wife with the needs of life.”
In Schaeffer v. Trascher, 165 La. 315, 115 So. 575, 576, the Supreme Coiirt said:
“ * * * it is quite immaterial that the • authority of the wife to purchase necessaries on her husband’s credit, as well as the liability of the husband therefor, need not be based on any theory of agency on her part, expressed or implied, and that it suffices to say that it results from the duty to furnish necessaries, imposed on the husband by law as an incident of the marriage relation, and of his failure or refusal to perform that duty. For the authority for any one to perform that duty in his behalf, ex humanitate, towards the wife, can only arise when he himself ffails or refuses to perform that duty. This rule compels the husband to pay in a proper case, and at the same time affords him some protection against the extravagance of a wife in purchasing what she does not need. * * *»
In Mathews Furniture Co., Inc. v. LaBella, La.App., 44 So.2d 160, we held that *784 a husband, who had neither authorized nor ratified purchases of furniture by the wife, would not be liable unless it could be shown that the articles were necessaries, which he had not supplied to his wife.
We cannot be persuaded that the mere fact;that the article?, furnished to the wife consist , of wearing, apparel creates in the husband, as head of the community,, liability for the price thereof, and that, the vendor who, on the order, of the wife, .furnishes such articles may recover from:,the husband, unless' there is some proof either that. the .husband- • authorized- or-- at least knew of. the purchase, or that, considering his ecqnomic status and station-- in life, the articles furnished ■ cp.uld -be considered ■ as necessaries, which he, as husband,. had failed to provide.
We fully realize that in such a case' as Paderas v. Stauffer, 10 La.App. 50, 120 So. 886, it was held that- Where it is shown that the wife is ón a shopping'tour, ’ there is a prima facie presumption that she is serving a community purpose and,that where, as a result of a tort committed by the wife while so engaged, a third person sustains injury, the husband may be held liable to such third person unless he can show that the wife was on a private errand in which the community was not interested. But it does not necessarily follow that whatever the wife buys on such a shopping tour are necessaries within the contemplation of Article 120 of our LSA-Civil Code and that consequently the husband may be held liable for the purchase price thereof.
There may be cases in which, because of the very modest cost, clothing may be considered to be ipso facto a necessary without further proof, but where the purchase price amounts to several hundreds of dollars' as. it did here; surely the husband cannot be held liable unless ’there is some proof that he knew- of the purchases, or that because of the social or economic status of his'-wife and himself, -the articles could be considered -as necessaries which he failed'-to provide.
It seems, obvious that the plaintiff is engaged in business for the purpose of earning her living by her own personal efforts, and we feel that she should be. afforded an opportunity to file another suit if she can make the necessary allegations, and furnish proof to sustain them.
Accordingly, it is .ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there now be judgment in favor of defendant, Louis J. Gehbauer, Jr., dismissing plaintiff’s suit as in case of nonsuit; plaintiff to pay all costs.
Reversed.