HARDY, Judge.
This is a suit on account in which plaintiff seeks to recover the purchase price of certain articles of furniture and furnishings purchased by and delivered to the wife of defendant and charged to the account of the latter. From a judgment in favor of plaintiff in the sum of $832.25, after dis-allowance of charges for certain items not deemed to be necessaries, the defendant has appealed.
The basis of this action lies in the provisions of LSA-R.C.C. Article 120, which obligate the husband to furnish his wife with whatever is required for the convenience of life in proportion to his means and condition.
The facts in connection with the purchases and the correctness of the amount sued for are not in question, and the sole issue, as correctly stated by counsel for defendant, relates to the responsibility of the husband for payment. This is primarily a question of fact dependent upon a resolution as to whether the purchases constituted necessaries.
This is one of a number of suits involving the marital difficulties of this husband and wife. The facts in the instant case are largely undisputed and we recapitulate those pertinent to a determination of the issue. On trial of the case defendant testified that he and his wife, Clara Lou Holly Viser, separated on March 9, 1958, on which date he left the apartment which they occupied and moved to a local hotel in Shreveport; on or about March 13th defendant removed from the apartment all of the furnishings and furniture which were located therein, and which he contended belonged to him before marriage and constituted a part of his separate estate; the wife, left without any furniture for the use of herself and her child by a previous marriage, upon the advice of counsel purchased necessary articles of furniture from plaintiff on March 13th, and the price therefor was charged to defendant, who had an account with plaintiff.
It is correctly argued by counsel for defendant that a husband is liable only *426 for the purchase of necessaries which he has failed or refused to provide. The facts above noted abundantly justify the conclusion that in this instance the items for which judgment was allowed did constitute necessaries which the husband had failed to provide.
However, counsel goes further in his argument and contends that a creditor must have grounds to believe, at the time of the sale to the wife, that the purchases constituted necessaries which the husband has failed or refused to provide, otherwise, the latter cannot be compelled to pay, citing Keller-Zander, Inc. v. Copeland, La.App., 196 So. 527 (Orleans, 1940); Schaeffer v. Trascher, 165 La. 315, 115 So. 575 (1928); Aisene v. Gehbauer, La.App., 70.So.2d 781 (Orleans, 1954).
The cases cited do not constitute authority for the proposition urged by counsel. In the Keller-Zander case the purchases had been made by and charged to the wife and the suit was instituted against both the wife and her husband. The opinion of Judge McCaleb expressly stated that it is the settled jurisprudence of this State that a husband may become responsible to a merchant under Article 120 of the LSA-Revised Civil Code for his wife’s purchases for necessaries, but that “ * * * a third person who has extended credit to a wife can invoke the codal provision only in cases where it is shown that the husband has failed or has refused to supply her with such necessaries.” (Authorities cited). “It therefore follows that, at the time the wife contracts the obligation, the creditor must have grounds to believe (1) that the purchase is for necessaries and (2) that the husband has failed or refused to provide the wife with the needs of life.” (Emphasis supplied)
The opinion then proceeded to state that the plaintiff had failed to show that the husband had failed or refused to provide his wife with necessary wearing apparel and, conversely, that the plaintiff at the time of the purchases had not extended the credit to the wife under the belief that the husband was responsible therefor, which claim was “ — merely an afterthought.”
In the Schaeffer case the opinion of the court declared that the evidence established the fact that the husband had offered the wife, out of the contents of the common dwelling, any furniture she might need, which offer was refused only because the wife desired to purchase new furniture.
In the Aisene case the facts were that the wearing apparel was sold to the wife and the court found that the articles were not considered necessaries which the husband had failed to provide.
In the case before us it is overwhelmingly established that the items purchased and charged to the husband, for which judgment was allowed, constituted necessaries. The conclusion is further inescapable that the action of the husband in stripping the apartment of all its furnishings was inexcusable and that the wife, left without even so much as a bed, was justified in making reasonable purchases for payment of which the husband was responsible to plaintiff.
In brief before this court counsel for defendant complains of an ultimate error in the amount of the judgment allowed to the extent of twenty-four cents, arising from an erroneous computation of the tax on the value of the items rejected. While this claim should perhaps properly be disregarded under the maxim of “de minimis non curat lex”, we see no objection to the correction of what was clearly an inadvertent and insignificant error.
For the reasons assigned the judgment appealed from is amended by reducing the amount allowed in favor of plaintiff and against the defendant from the sum of $832.25 to the amount of $832.01, and, as thus amended, it is affirmed at appellant’s cost.