174 So. 876

ADAMS v. GOLSON et al. (MASSACHU-
SETTS BONDING & INSURANCE
CO., Intervener).

Nos. 34267, 34268.

April 26, 1937.

Rehearing Denied May 24, 1937.

James J. Bailey and Joseph A. Loret, both of Baton Rouge, for relators.

Albritton & Hardin, of Baton Rouge, for respondents.

FOURNET, Justice.

This is a suit to recover from Mrs. Willie McCoy Golson and her husband, Lamont P. Golson, individually and in solido, the sum of $7,866.39 for personal injuries and property damages sustained by the plaintiff, Charles L. Adams, in a collision between his motorcycle, which he was riding, and an automobile belonging to the defendant Lamont P. Golson, which was being driven by his wife, at the intersection of North and North Twelfth streets in the city of Baton Rouge, on the evening of March 7, 1934, about 6:30 o'clock. The collision was alleged to have been caused through the negligence and carelessness of the defendant Mrs. Willie McCoy Golson in making a left-hand turn from North street into North Twelfth street.

The demand against the defendant Lamont P. Golson is predicated upon the theory that Mrs. Golson, at the moment of the accident, was driving an automobile belonging to the community with the express or implied consent of her husband on an errand or mission with which the community was concerned and, therefore, was acting as an agent of the community and the husband, as head and master of the community, is liable for the tort committed by his wife while so operating the car.

The defendants answered, denying that Mrs. Golson was guilty of any negligence, and, in the alternative, pleaded contributory negligence on the part of the plaintiff. They also denied that Mrs. Golson was the agent of her husband in the operation of the automobile and denied that she was on an errand for the community. The defendant Lamont P. Golson filed a reconventional demand against plaintiff for damages to his automobile.

The Massachusetts Bonding & Insurance Company intervened, alleging that, as the insurer of the plaintiff's employer, it had paid the plaintiff compensation and medical expenses, under the Louisiana Workmen's Compensation Act (Act No. 20 of 1914, as amended), the sum of $730 and, therefore, was entitled to have judgment for said amount against the defendants, and prayed for judgment accordingly.

The trial judge rendered judgment, rejecting the plaintiff's demand and the reconventional demand filed by the defendant Lamont P. Golson, and also dismissed the intervention proceedings.

On appeal by the plaintiff and intervener, the Court of Appeal, First Circuit, annulled the judgment of the lower court and gave judgment in favor of the plaintiff and against the defendants, individually and in solido, in the full sum of $3,354.40, and allowed the claim of intervener in the sum of $730 to be paid out of the judgment. Adams v. Golson et al. (La.App.) 171 So. 403.

The judgment of the Court of Appeal is now before us for review upon writs

of certiorari granted by us upon the aplications of the two defendants.

It is contended (1) that the Court of Appeal erred in holding that Mrs. Golson was guilty of negligence, but granting she was negligent, that the Court of Appeal further erred in holding that the plaintiff was not guilty of contributory negligence; and (2) that the Court 'of Appeal erred in holding that by the mere use by Mrs. Golson of her husband's car, with his knowledge and consent, for her ordinary social functions and pleasures—she having decided to go to a restaurant for a meal—made her the agent of the community, and that the husband, as head and master of the community, became liable for the torts committed by his wife while so engaged.

The Court of Appeal, after thoroughly analyzing the evidence and circumstances under which the accident occurred, together with the law applicable thereto, concluded that the plaintiff was not at fault and that the sole and proximate cause of the injuries sustained by the plaintiff was due to the negligence and carelessness of the defendant Mrs. Golson in making a left-hand turn from North street into North Twelfth street several feet before reaching the center of the intersection thereof; in other words, to use a motorist's common expression, "she cut the corner," contrary to and in violation of an ordinance of the city of Baton Rouge and the generally accepted law of the road of safe driving; and, further, that she was at fault in failing to keep a proper lookout for motor vehicles approaching from the opposite direction.

Without reciting in detail the testimony of the various witnesses for the plaintiff and the defendant and the other evidence and circumstances upon which the Court of Appeal based its conclusions, suffice it to say that our review and appreciation of the evidence convinces us of the correctness of the finding of the Court of Appeal on this point.

This leaves for our consideration, therefore, the question of whether or not the defendant Lamont P. Golson, as head and master of the community, is liable for the tort committed by his wife under the circumstances and facts of this case, which are substantially as follows: On the afternoon of the accident, Mrs. Golson, with the knowledge and consent of her husband, drove an Oakland Sedan automobile, which was purchased by the husband with community funds, to attend a style show and thereafter remained in town to attend a regular meeting of a fraternal organization of which she was an officer. Just prior to the accident, she had driven a friend with whom she attended the style show to her home and, at the moment of the accident, she was on her way to a restaurant on Third street in the city of Baton Rouge to partake of her evening meal before attending the meeting which was scheduled to begin at 7:30 o'clock p. m. of the same day.

It is said that the question presented here has never been passed upon by this court. The Courts of Appeal of this state, however, in disposing of cases wherein this issue was raised, have held that the husband, as head and master of the community, is liable for a tort which

his wife committed while using an automobile with his knowledge and consent, upon the theory that she "was on a community errand" and "was just as much the agent of her husband as head and master of the community as would have been the family chauffeur." Paderas v. Stauffer, 10 La.App. 50, 119 So. 757, 120 So. 886, 887. See, also, Tarleton-Gaspard v. Malochee, 16 La.App. 527, 133 So. 409; Battalora et al. v. Carnahan Creamery et al. (La.App.) 157 So. 612.

■ There is no liability in this state for damages sounding in tort except where it is expressly or impliedly authorized by the codal articles and statutes of the state; therefore, in order to arrive at a proper solution of the issue in controversy, we shall first look to the basic law.

After a careful examination of the provisions of the articles of the Revised Civil Code dealing with the subject "Of Offenses and Quasi Offenses," we find only one article which expressly imposes liability "not only for the damage occasioned by our own act, *but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.*" Article 2317. (Italics ours.) This article contains the qualification that "this, however, is to be understood with the following modifications." Subsequent articles deal with the responsibility of persons for damages caused by minors; insane persons; servants and overseers in the exercise of functions in which they are employed, and for damages caused by their animals and by their buildings which are in ruin or defective.

■ It follows, therefore, that article 2317 must be understood and read in connection with articles 2318, 2319, 2320, 2321, and 2322. Counsel have not cited any law, and we have found none, which declares that the husband is answerable for the tortious acts of his wife. Under the jurisprudence of this state, as well as under the civil law doctrine, the husband is not liable for the torts of his wife, committed out of his presence. McClure v. McMartin et al., 104 La. 496, 29 So. 227.

■ It is well settled in this state that the owner of an automobile is not liable for the damages caused while his automobile is being operated by a third person with his knowledge and consent, unless he was present or the third party was his agent or servant and was acting within the scope of his agency or employment. Atkins v. Points, 148 La. 958, 88 So. 231.

Counsel for plaintiff frankly admit that the so-called "family purpose doctrine" of other states, under which the head of the household is held responsible for any damages caused by any member of a family in the operation of an automobile which is intended for the use of the members of the family, does not apply to the state of Louisiana, nor that the husband is responsible solely because of his relationship as such, but it is contended by counsel that "under the peculiar rules of the Civil Law, which provide for a community of acquets and gains between husband and wife, a line of jurisprudence has * * * developed in Louisiana which holds that where a wife is using an automobile which is an asset of the community, and is using

it with the express or implied consent of her husband, and is using it on an errand or mission with which the community is concerned, * * * the wife is acting as an agent of the community and therefore the husband is liable for any tort committed by the wife while on that errand or mission. The theory is that the wife is acting as an agent of the community and that the husband is personally liable since he is head and master of the community."

Under our system of law, "the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund." Article 2403, Rev.Civ. Code. But under the provisions of article 2404, "the husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife." The wife is without authority to contract a debt that will bind the community during its existence, not even for the necessary supplies for herself which her husband is required to furnish, except and unless he himself fails or refuses to do so. Schaeffer v. Trascher, 165 La. 315, 115 So. 575.

Article 2985 of the Civil Code defines "a mandate, procuration or letter of attorney is an act by which one person gives power to another to transact for him and in his name, one or several affairs." The cases in which agency or mandate can take place are recited in the following article of the Civil Code, 2986, as follows:

"For the interest of the person granting it alone; for the joint interest of both parties; for the interest of a third person; for the interest of such third person and that of the party granting it, and finally, for the interest of the mandatary and a third person."

Duranton, in commenting upon article 1984 of the Code Napoleon, of which article 2985 of the Revised Civil Code is a translation, said:

"The article we are analysing says also that mandate is an act by which a person gives to another the power to do something for the principal and in his name; while the Institutes of Justinian, tit. de Mandato, say, according to Gaius, in the law 2 ff. Mandati vel contra, that a mandate may be given either in the interest of the principal alone, or in the interest of the principal and the mandatary, or in the interest of a third person, or in the interest of the principal and a third person, or finally in the interest of the mandatary and a third person; *but not in the interest of the mandatory alone. * * *"* (Italics ours.) Duranton, Cours de Droit Francais, Vol. 10, No. 200, p. 64.

It is our opinion, therefore, that in order to hold the husband liable as head and master of the community for torts committed by his wife within the meaning and contemplation of the provisions of article 2986 of the Revised Civil Code, it would have to be shown affirmatively that she was expressly or impliedly authorized to and was, at the time of the commission of the act, actually attending to the affairs or business of the community.

In this case the primary purpose of Mrs. Golson's trip to Baton Rouge on

the day of the accident was not to take a meal but was for her own pleasure and benefit, that is, to attend a style show and a meeting of a fraternal organization. The taking of her evening meal there was merely a matter of convenience to her and incidental to the main object of her use of the automobile on that day. No sound and logical reason has been suggested by counsel, and we can think of none, why a man should be held liable for the torts committed by his wife while using his automobile for her own pleasure any more than he could be held liable if the tort had been committed by a third person while using the car for his own purposes or pleasure, with the owner's consent. While it is true that the husband is bound to supply his wife with the necessaries of life, which include her meals, the record does not show that it was the husband's customary way of providing Mrs. Golson with her meals, or that he had failed or refused to provide for her meals at home. But, as we have already pointed out, taking the meal was a mere convenience to her while she was on a mission or pleasure trip of her own, for her trip was in no way associated with the community of acquets and gains.

We, therefore, conclude that under the facts and circumstances of this case the husband is not liable. For the reasons assigned, the judgment of the Court of Appeal holding the defendant Lamont P. Golson liable is annulled and set aside, but in all other respects the judgment is affirmed; the costs of this court are to be paid by the plaintiff.