### ÆTNA CASUALTY & SURETY CO. v. SIMMS et ux.

### No. 6229.

Court of Appeal of Louisiana. Second Circuit.

Jan. 13, 1941.

Hawthorn, Stafford & Pitts, of Alexandria, for appellant.

Isaac Wahlder, of Alexandria, for appellees.

HAMITER, Judge.

Araminta Simms, while using the Ford automobile belonging to the community of acquets and gains existing between her and her husband, Van Simms, drove the vehicle into the side of a building owned by R. S. Thornton and located in Alexandria, Louisiana, causing damage to three plate glass windows.

Plaintiff, the insurer of the plate glass, effected a settlement of the loss with the building's owner for $265, and secured a subrogation from him; and, as conventional subrogee, it brings this suit against both the automobile's driver and her husband asking a solidary judgment against them in the mentioned sum.

Judgment was awarded plaintiff against the wife, Araminta Simms, for the stated amount; its demands against the husband, however, were rejected.

Only the plaintiff appealed from the judgment; and in this court it asks that the decree of the district court be amended to the extent of condemning the husband in solido with the wife.

The appeal presents the sole question of whether or not the defendant Van Simms, as head and master of the community, is liable for the tort committed by his wife.

It appears from the evidence that Van Simms and his wife maintain a residence in the City of Alexandria, and that he is employed by the Louisiana & Arkansas Railway Company in the capacity of a locomotive fireman. About 5:45 o'clock of the morning of September 25, 1939, as was his daily custom, he departed from his home for the purpose of performing his usual full day's work. Approximately four hours later, the wife decided and undertook to drive the Ford automobile to LeCompte, Louisiana, several miles south of Alexandria, to visit her aunt who was ill there. States she: "Well, I prepared myself, and went out to the car, to get the car out of

the garage, and when I went to get the car out of the garage the key kind of hung with me, and I was afraid to trust myself with the key hanging a little bit, so I decided to drive in to Andress-Abbott to get them to fix the switch key for me."

The Andress-Abbott Motor Company, located about eight blocks from the home of defendant, occupies the Thornton building; and it was while Araminta Simms sought to negotiate the entrance thereof that the accident occurred.

The defendant Van Simms had no knowledge of his wife's contemplated trip to LeCompte or of any defect attending the switch key of the automobile. On the other hand, the wife was accustomed to drive the machine alone and whenever she so desired without the expressed consent of the husband; she had occasionally ordered, and sometimes personally performed, the washing and greasing of it; and she had often purchased the required fuel. At no time before the commencement of the trip in question, however, had the switch key given trouble.

█ Under the well-settled jurisprudence of this state, the husband is not condemned for the torts of his wife by reason of the existing marital relationship. For liability to be imposed on him, where the tort was committed in his absence, it must appear that she was serving at the time in the capacity of his agent or was engaged on an errand for the benefit of the community. Tuck v. Harmon, La.App., 151 So. 803; Wise v. Smith, La.App., 186 So. 857.

The Supreme Court in the comparatively recent case of Adams v. Golson et al., 187 La. 363, 174 So. 876, 879, announced the law to be that: " * * * In order to hold the husband liable as head and master of the community for torts committed by his wife within the meaning and contemplation of the provisions of article 2986 of the Revised Civil Code, it would have to be shown affirmatively that she was expressly or impliedly authorized to and was, at the time of the commission of the act, actually attending to the affairs or business of the community."

It is the contention of the plaintiff in the instant case, as the brief of its counsel discloses, that Araminta Simms was on a community errand, which she had implied authority to perform, when she drove the machine into the building's side and damaged the plate glass.

The factual situation existing in Adams v. Golson, supra, was that the wife, on the afternoon of the accident, used the community owned automobile in conveying her to a style show in the city of Baton Rouge. It was her intention to attend later a meeting of a fraternal organization. After the adjournment of the style show, she transported a friend to a certain destination. Then she proceeded toward a downtown restaurant to secure her evening meal before going to the other intended meeting; and while so driving, her automobile experienced the collision.

In deciding the Adams case, the court recognized the obligation of the husband to supply his wife with the necessaries of life, including her meals, although it commented that "the record does not show that it was the husband's customary way of providing Mrs. Golson with her meals, or that he had failed or refused to provide for her meals at home." The court pertinently observed, however, that "the primary purpose of Mrs. Golson's trip to Baton Rouge on the day of the accident was not to take a meal but was for her own pleasure and benefit, that is, to attend a style show and a meeting of a fraternal organization. The taking of her evening meal there was merely a matter of convenience to her and incidental to the main object of her use of the automobile on that day." It further stated that "as we have already pointed out, taking the meal was a mere convenience to her while she was on a mission or pleasure trip of her own, for her trip was in no way associated with the community of acquets and gains."

█ In determining whether or not there is community liability in a case of this nature, it seems, according to the above-quoted observations, that there must be found the correct answer to the query—What was the primary or main object of the wife's use of the automobile on the occasion of the accident? When the circumstances and facts of the present controversy are considered in the light of this test, we reach the conclusion that the driver, Araminta Simms, was not engaged in the performance of a community errand when the complained of damage was caused. Her entering the vehicle, together with the commencement of its use, was for the primary and sole purpose of visiting her sick relative at LeCompte, Louisiana,—a mission purely personal to her. The driving to the motor company, several blocks away, was

merely incidental or secondary to the main object.

Accordingly, it is our opinion that plaintiff's demands as against the husband, Van Simms, were properly rejected by the district court; and the judgment is affirmed.