I fully agree with the findings of fact and law contained in the majority opinion but I entertain considerable doubt concerning the soundness of one of the reasons given by my associates for denying recovery to plaintiff for the demolition of his automobile.
Inasmuch as we have found that the negligence of Mrs. Levy was a contributing cause to the accident, the question as to plaintiff's right to recover damages for *Page 569 
the destruction of his automobile depends upon whether Mrs. Levy was engaged on a community mission at the time of the accident under the decision of the Supreme Court in Adams v. Golson, 187 La. 363, 174 So. 876. And, since it has been found that the evidence submitted by plaintiff is too meager to authorize a holding that Mrs. Levy was using the car for recreational purposes or for the convenience of her 21 year old daughter, I am in accord with the view that we must assume that the mission was one for the benefit of the community which existed between plaintiff and his deceased wife.
On the other hand, I cannot agree with the observation that, if the evidence had been sufficient to establish that Mrs. Levy was using the car either for recreational purposes or for the benefit of her daughter, plaintiff would be chargeable with her contributory negligence because he had, either expressly or impliedly, authorized her to employ the car for such purposes. This view is, in my opinion, in plain conflict with the ruling of the Supreme Court in Adams v. Golson. I understand the decision in the Golson case to be that the husband, who permits his wife, either expressly or impliedly, to use the family automobile for her entertainment, recreation or for any purpose other than for purposes which benefit the community, is merely lending the automobile to the wife and that, as such lender, he is not responsible in law for the negligence of the wife while engaged in such pursuits. Nor is he to be held accountable for the wife's negligence in the event the automobile is damaged or destroyed as the result of her fault and the fault of another person. Therefore to say that his liability for her negligence depends upon whether he expressly or impliedly authorizes his wife to use the car strikes me as an attempt on the part of the court to form a distinction between the situation here and that appearing in the Golson case when, in truth, none exists. The Supreme Court did not say, in the Golson case, that the husband was not responsible for the tort of his wife because he did not expressly or impliedly authorize her to use the automobile. (In fact, it found that the husband expressly authorized her to use it. See page 368 of 187 La., page 878 of 174 So.). On the contrary, it based its decision on the theory that the use of the car by the wife for recreational purposes was not a community use and that, therefore, the wife could not be adjudged to be the agent of the community at the time the accident occurred. And while I, like my brethern, believe that the community of acquets and gains between husband and wife contemplates a far greater field of activity than the furnishing of bare necessities of life to the wife and feel that her recreation, education and other pursuits are encompassed within the scope of community living, it is inefficacious for us to express such views when our Supreme Court is of another opinion.
In support of the views expressed in the main opinion on this question, the majority cite the case of Tarleton-Gaspard v. Malochee, 16 La. App. 527, 133 So. 409, wherein it was held that the husband was liable for the negligence of his wife as the result of an accident which occurred while she was engaged in driving the family car to a theatre. The opinion in that case is founded on the theory that the wife, in using the family car for her own recreation, acted as agent of the husband and was in the same position as if she had been a family chauffeur. The Malochee case was cited by the Supreme Court in its opinion in Adams v. Golson and, while the court does not specifically overrule it, it seems clear to me that the result reached in the Golson case is in plain discord with that authority — for, if a wife who is using a family car for the purpose of taking lunch in town and going to a style show is not pursuing a community mission, how can it be said that one, who uses such a car to go to the theatre or to take her friends there, is engaged upon a community venture?
For these reasons, I respectfully concur in the decree. *Page 570