This is a suit for damages arising from an automobile accident on Highway 80 about 6:00 p.m. on July 25, 1947. After trial there was judgment in favor of plaintiff and against the defendants, Mrs. Mary L. Clarkson and her husband, William Clarkson, in the sum of $925, representing the amount of damages sustained to plaintiff's automobile, no question of personal injuries being here involved. From this judgment defendants have appealed.
There are two issues presented by this appeal, first, as to the negligence, vel non, of the defendant, Mrs. Clarkson, and, second, in the event of a finding of negligence, the liability of the husband, William Clarkson.
The facts show that, at or about the time set forth, the defendant, Mrs. Clarkson, was driving the family automobile in an easterly direction along the highway while plaintiff, driving his automobile and proceeding in the same direction, was following the Clarkson car. Mrs. Clarkson was returning to her home from an errand which had taken *Page 618 
her to the home of a neighbor some 1 1/2 or 2 miles distant. According to Mrs. Clarkson's testimony she had made the trip to the home of her friend and neighbor, Mrs. Cunningham, for the purpose of borrowing a circular knitting needle which she intended to use in knitting a sweater for herself. However, finding that Mrs. Cunningham was not at home, she began her return journey, and at a point opposite the Clarkson home, which is located some considerable distance from the highway and approached by a roadway which is described as a lane, she negotiated a left-hand turn across the highway and into the lane leading to the house. Mrs. Clarkson testified that she was driving at a very slow rate of speed; that she looked into her rear view mirror when she was within about 15 feet of the point opposite the lane where she made her turn and perceived plaintiff's approaching automobile at a point some 350 feet to the rear, whereupon she signaled for the turn, successfully negotiated the same and had proceeded some 40 or 50 feet up the lane when her attention was attracted by the noise of plaintiff's automobile as it turned over in the highway.
Plaintiff testified that he was driving at a speed of some 55 miles per hour; was rapidly overtaking the Clarkson car and signaled three times, by blowing his horn, his intention to pass; that he had actually begun to cross the black line to the left for the purpose of carrying out the passing maneuver when Mrs. Clarkson, without signaling, turned directly across the highway immediately in front of him, thus blocking his passage; that in order to avoid a collision he swerved to the right on to the shoulder of the road, then pulled his car back to the left, lost control, and, as a result, the vehicle turned over in the highway, damaging his automobile to the extent of rendering it practically worthless.
Plaintiff's version of the accident is substantiated as to most of the material points by a witness, Purvis, a friend of plaintiff's, who was following plaintiff's car at a distance of some 250 feet, more or less, at the time of the accident.
Summing up the conflicts in testimony, we find that, while plaintiff testified as to the sounding of his horn, the signal was not heard either by Mrs. Clarkson or Purvis, and while the defendant, Mrs. Clarkson, testified as to the giving of the signal for a turn, the same was not observed either by plaintiff or Purvis.
Careful consideration of the facts leads us to the conclusion that the negligence of the defendant, Mrs. Clarkson, was the proximate cause of the accident. It is well established by the jurisprudence of this State that it is the duty of the driver of a vehicle to carefully observe following traffic before making a turn, and a left-hand turn has frequently been described as one of the most dangerous maneuvers in driving.
We are of the opinion that Mrs. Clarkson was negligent in waiting until she was, according to her own testimony, only 15 feet from the point of beginning of the negotiation of her turn before observing the position and rate of speed of following vehicles, and, certainly, she was negligent, having observed the approach of plaintiff's car in her rear view mirror, in attempting to give a signal and almost immediately enter upon the making of a turn completely across the highway. Considering the relative speeds of the two vehicles at the time, it should have been obvious that the turn could not be made in safety.
The fact that Mrs. Clarkson made the turn and actually cleared the highway is immaterial under the circumstances, considering that only the excellent judgment, immediate reaction and expert operation of his automobile by plaintiff prevented a collision which unquestionably would have had tragic results.
Our conception of these facts being in complete accord with what must have been the finding of fact of the trial judge disposes of any question of error in such findings on his part.
While we think the law supporting the general principles which have been above set forth is so well established as to make citations of authority unnecessary, we do wish to comment on one case cited and strenuously urged by distinguished counsel for defendants, Chandler v. Sentell, La. App.,35 So.2d 260. Counsel quite obviously misconstrued the facts of the cited *Page 619 
case which were entirely at variance from those of the case at hand. The Chandler case did not involve the collision of a following car with a vehicle making a left turn, but, on the contrary, the car which crashed into the turning vehicle was approaching from the opposite direction. Other facts in the cited case were equally at variance with the facts in this case to such extent as to render the findings completely inappropriate and inapplicable.
The second issue which we stated above presents a matter much more difficult of determination. Reducing the question to the simplest possible essentials, we are called upon to decide if the mission of a wife in a community automobile, for the avowed purpose of borrowing a circular knitting needle in order to knit a sweater for her personal use and enjoyment, in effect constitutes a mission of such a community nature as would make the husband liable for the tort of the wife in the process of its accomplishment.
It must be borne in mind in connection with the determination of this point that, as a matter of fact, the knitting needle was not procured and the use to which it would have been put if it had been procured remains in the distant realm of hypothetical speculation. We cannot help but be reminded of the old vaudeville gag: "If I had some ham I would have some ham and eggs, if I had some eggs".
While both plaintiff and the witness, Purvis, testified that the defendant, Mrs. Clarkson, made a statement that she had been on an errand for the purpose of getting the family laundry, we think this testimony was successfully rebutted by the showing on behalf of defendants that the wife had done the family laundry during the entire period since the marriage.
In the very outset of our discussion we must confess that we find ourselves on ground which is anything but firm. Careful study of the limited jurisprudence bearing on this point unfortunately leaves us without any feeling of certainty or security. There appears to be two lines of jurisprudence, in neither of which is the line of demarcation well defined. There is no question as to the clearly established general rule, which is to the effect that a husband, as head and master of the community, is only liable for the torts of his wife when she is actually engaged in attending to the affairs of the community under his express or implied authorization. The provisions of Article 2986 of the Civil Code bearing upon the several kinds of mandate make up the foundation upon which rests the principle above stated.
But when we leave the surrounding of certainty which envelops the legal principle, we immediately enter a twilight zone, a no-man's land of factual distinctions. On the one hand we find that line of cases which holds certain missions and errands of the wife to be purely personal, and, on the other hand, another line of cases which holds the wife's ventures to be chargeable to the community interest. Under the first category we find the cases of Durel v. Flach, 1 La. App. 758, holding an errand of pleasure, a joy ride, by the wife, in which the husband did not participate, to be outside the realm of the community interest; Wise v. Smith et ux., La. App., 186 So. 857, holding that a wife's mission to visit her husband's sick mother is not a community errand; Ætna Casualty Surety Co. v. Simms et al., La. App., 200 So. 34, to the effect that a wife's use of a community automobile for the purpose of visiting a sick aunt is a separate venture; Matulich v. Crockett et ux., La. App. 184 So. 748, in which the court held that an errand of charity by the wife is a purely personal mission; and, finally, the Supreme Court decision in the case of Adams v. Golson et al.,187 La. 363, 174 So. 876, where, in the excellently developed opinion of Mr. Justice Fournet it was held that a wife's trip to attend a style show and a meeting of a fraternal organization was purely for her own personal pleasure and benefit, and that the taking of the wife's evening meal in the course thereof was only a matter of convenience incidental to her main purpose.
Holdings which lead to an opposite conclusion are found in Paderas v. Stauffer et ux., 10 La. App. 50, 120 So. 886, in which a shopping expedition by a wife' was regarded as a community mission; Meibaum v. Campisi et ux., La. App.,16 So.2d 257, in which the delivery of a damaged coffee *Page 620 
table to a repair shop brought the mission within a general community purpose; and Levy v. New Orleans Northeastern R. Co., La. App., 20 So.2d 559, holding that a husband could not recover for the death of his wife resulting from her own negligence in the course of a trip to a dressmaker.
We note one other case involving the point at issue in which the holding of the court appears to be squarely opposed to conclusions later reached on the basis of analogous facts. We refer to Tarleton-Gaspard v. Malochee, 16 La. App. 527, 133 So. 409, in which the use by a wife of the family car for the purpose of driving to a theater for her own recreation and pleasure was denominated as a community mission of such nature as to render the husband liable for his wife's negligence. Since it appears to us to be impossible to reconcile the holding in the Malochee case with the conclusions reached by the Supreme Court in the Golson case, we consider that the effect of the holding in the Golson case must be regarded as an implied overruling of the court's earlier pronouncement in the Malochee case. Much the same conclusion was expressed by Mr. Justice McCaleb, then a member of the Orleans Court of Appeal, in his concurring opinion in Levy v. New Orleans Northeastern R. Co., supra.
Unquestionably, the oft-invoked principle that each case must be determined on the basis of the facts presented, is applicable here, but we find this precept to be of comparatively little assistance. Reasonable and meritorious arguments have been presented by learned counsel on both sides of the question and we cannot say that the position taken on behalf of either party is untenable.
Were this question res nova before this court on the facts presented it would be our inclination to hold the husband liable, and such a conclusion would be based upon the premise that the legitimate pursuits of a wife, whether for wholesale recreation and pleasure or for other purposes consonant with the intangible and imponderable obligations of the marital relationship should be considered as within the scope of community activities. But to so hold in this instance would be, in our opinion, to defy the conclusions reached by the Supreme Court in the Golson case. Under this ruling we feel it incumbent upon us to find as a fact that the mission of a wife for the purpose of procuring a knitting needle in order to knit a sweater for her personal use and adornment is without the purview of a community interest.
This conclusion being opposed to that reached by our brother of the district court, we find it necessary to this extent to reverse the judgment.
Accordingly, the judgment appealed from in favor of plaintiff is affirmed as to the defendant, Mary L. Clarkson, and reversed and set aside as to the defendant, William Clarkson, in whose favor there is now judgment rejecting plaintiff's demands. Costs of this appeal are taxed against plaintiff-appellee.