JANVIER, Judge.
At about six o’clock in the morning on May 12, 1952, there was an automobile collision in the intersection of Josephine and Constance Streets, in New Orleans, between an automobile owned by Ernest Guil-lory and driven by his wife, Mrs. Shirley Guillory, and a taxicab owned by Toye Bros. Yellow Cab Company, a partnership, and driven by an employee of the partnership, Jesse Garner.
*467 As a result of this collision, the Guillory car proceeded from about the center of the intersection in which the collision occurred towards the uptown lake corner of the intersection and struck and damaged a third car owned by the plaintiff, Earl Howard, which was parked alongside the upper curb of Josephine Street about 25 feet'from the corner of Constance Street.
Howard brought this suit against Ernest Guillory, the owner .of the Guillory car, Mrs. Shirley Guillory who was operating the car, the partnership, Toye Bros. Yellow Cab Company, and the individual members thereof, and Jesse Garner who was operating the taxicab, and he prayed for solidary judgment against all defendants in the sum of $298.70, which all parties admit represents the proper cost of making the repairs which were made necessary by the collision.
Howard alleged that the accident had been caused by fault on the part of both Mrs. Guillory and Garner. He charged that Mrs. Guillory was negligent in that she failed to bring her car to a stop before entering the intersection in spite of the fact that to her right on the sidewalk, as she approached the intersection, there was -a “stop” sign which had been erected by the Police Department of the City of New Orleans under authority of appropriate city ordinances. Plaintiff also charges that Mrs. Guillory was negligent in driving her car into the intersection at a speed of approximately 35 miles per hour, in spite of the fact that the intervening corner was what is known as “blind”, and that such speed is prohibited by City Ordinance No. 18,202, C.C.S., particularly where, at the intersection, there is what is known as a blind corner.
Plaintiff charged that Garner, the driver of the taxicab, was at fault in that he failed to exercise caution as he approached and entered the intersection, and that he was operating the taxicab at a speed of 35 miles per hour, so that he too was thus violating the provisions of the ordinance which limits the speed at such corners.
Ernest Guillory filed an exception of no cause of action founded on the fact that the petition did not allege that, at the time of the occurrence, Mrs. Guillory was operating the car on a family mission or for the benefit or in the interest of the community which existed between Mrs. and Mrs. Guil-lory. Mrs. Guillory filed an exception of no cause of action based on the fact that the petition did not allege that, at the time of the occurrence, she was operating the car on a mission of her own.
At the time of the filing of the exceptions, Mr. and Mrs. Guillory, as they were required to do by the rules of the First City Court, filed answer in which they denied any negligence on the part of Mrs. Guillory. They averred that when the Guillory car reached the intersection, Mrs. Guillory brought it to a “momentary” stop and proceeded slowly into the intersection, and they further averred that the accident was caused solely by negligence of Garner in that he drove the taxicab into the intersection at a speed of “at least forty (40) miles per hour”; in that he failed to maintain a proper lookout, and failed to yield the right of way to the Guillory car which had preempted the intersection, and failed to swerve the taxicab to its left and pass behind the Guillory car.
There was judgment maintaining the exception filed by Ernest Guillory and dismissing the suit as against him, and there was further judgment dismissing the suit as against the partnership, Toye Bros. Yellow Cab Company and the individual members thereof, and there was further judgment in favor of plaintiff, Earl Howard, against Mrs. Shirley Guillory in the sum of $298.70. After the judgment had been rendered, but before it was signed, counsel for Mrs. Guillory filed a motion for a new trial in which it was alleged that
“mover herein is now able to furnish new evidence to the Court relating to this cause, by producing an eye-witness to the accident about which these proceedings are concerned.”
In the motion for a new trial it was also set forth that the witness referred to had *468 been a passenger in the taxicab when the accident occurred and was domiciled in the State of Mississippi. This motion was overruled 'and the judgment -was duly signed. From the judgment, insofar as it dismissed his suit against Ernest Guillory and against Toye Bros. Yellow Ca-b- Company and the individual members thereof, Earl Howard appealed. Mrs. Guillory also appealed devolutively from the judgment against her. ■ '
We first consider the separate exceptions of no cause of action, one filed by Ernest Guillory arid the other by Mrs. Guillory.'
A reading of the petition discloses that it does not contain any allegation as to the ownership of the car which was being driven by Mrs. Guillory- nor as to the purpose which was being served by her in using the car. There is not a word "which charges either that she- was on a mission of her own or that she was on an errand for the benefit of the community. Nor is there in the answer which was filed by Mr. and Mrs. Guillory anything which indicates just what was the purpose which was being served by Mrs. Guillory when the accident occurred. Therefore, when the separate exceptions of ho cause of action were filed there was no way in which it-could be determined just why Mrs,. Guillory was operating the car. ’ When the matter was tried no evidence was offered by anyone to show just why Mrs. Guillory was using the car at the time of the accident.
We think that it is well settled in the jurisprudence of this State that a husband, either personally or as master of the community, is not Hable for the results of the.torts, of his wife merely because of,the marital relationship which exists, between them. He is liable only where the tort., of the wife was committed while she was doing something for-the benefit of'the community, was on a community' errand. This rule is well stated in Aetna Casualty & Surety Co. v. Simms, La.App., 200 So. 34, 35:
“Under the well-settled jurisprudence of this state, the husba.nd is not 'condemned for'the torts of his wife by reasori of the existing marital relationship. 'For liability to-be' imposed on-him, where the tort was committed in his absence, it mtist appear that she was serving at the time in the capacity of his agent or was engaged on an errand for the benefit of the community. Tuck v. Harmon, La.App., 151 So. 803; Wise v. Smith, La.App., 186 So. 857”.'
See, also, Globe Indemnity Co. v. Quesenberry, 1 La.App, 364.
However, if the husband, as head of the community, would escape liability for the-result of the torts of the wife; it seems proper that there should be placed on him the burden of showing that the wife, at the time of the commission of the tort which resulted in the damage, was not serving a community purpose. Obviously 'the injured party can seldom have any information on this question whereas the husband should be able, -certainly in most instances, to show either that 'the wife was or ■was not engaged in doing sornething which was intended to redound to the benefit of the community. ' -We -considered such a .question in Paderas v. Stauffer, 10 La.App. 50, 120 So. 886, 887: . -
“Even conceding .that a husband is not liable for the torts of' his wife resulting from her negligence while driV- . ing her own automobile in -her. own separate affairs and concerns, it seems to ris that Mr. Stauffer’s testimony falls far short of. showing that Mrs. Stauffer at the time of the accident, was so engaged.' Just what was the object of Mrs. Stauffer’s trip in the automobile is a matter: s6 completely and exclusively within the knowledge of the ' two defendants that the burden of pro-duc'ing evidence concernirig'the reason for her making the trip is placed upon them. Their failure to prove "that she'' was on a'mission for her separate benefit results in the inevitable conclusion 'that, as a matter of fact; she was on a community errand. * * * ” - ''
*469 If we were correct in this conclusion then it was incumbent here on the defendant, Ernest Guillory, if he would escape liability, to allege and to show that Mrs. Guillory was not operating the car for the benefit of ■ the'community, and,, as the record contains not one syllable which gives the slightest information on this subject, we think that it necessarily follows that the exception filed by Ernest Guillory should have been overruled.
We have not overlooked the decision of this Court in Durel v. Flach, 1 La.App. 758, in which we held that the husband who was sued for damages resulting from negligence of the wife in driving the automobile was not liable. We said,, however, that there the evidence showed that the wife was using the car solely for her personal pleasure, and we said that, since there was no proof that the husband had agreed to the use of the car by his wife and since he was not present, he could not be held.
• We are not at all sure that since the decision of the Supreme Court in Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, that result would now be countenanced by our Supreme Court for we" think' that in that decision, in which the. earlier decision of the Court, Adams v. Golson, 187 La. 363, 174 So. 876, was overruled, the. Supreme Court recognized that often whatever seems to bring pleasure to the wife may be serving a community purpose. But even, if w;e are incorrect in so interpreting the decision in the Brantley case, we think that, as-a result of all of the- cited cases, it is now •settled that if the husband would escape liability for the results of the torts of1 the wife in negligently operating the- family car, he should show that no community purpose was béing served -and that, in the absence of such showing, it should be presumed that what the wife was doing was for the benefit of the community. Consequently, we feel'that'since the husband, Ernest Guillory, has offered no proof to the contrary, it must be assumed here that Mrs. Guillory was on a community errand when the accident occurred.
We pass - on to a consideration of ■the exception of Mrs. Guillory and we find .that, it was properly overruled, since the petition very clearly contains allegations which, if true, show negligence on her part, and that her negligence had causal connection with, tfie accident., .
One of ihe: principal complaints of coun'sel for "Mrs. Guillory is that he was not afforded áli opportunity to cross-examine Jesse Garner, the driver of the taxicab.
The ' record shows that after Howard, the plaintiff, had testified, his counsel, as was his right" under LSA-R.S. 13:3662, placed on the stand as a witness under cross-examination Garner, the driver, of the taxicab, and that, after Garner had completed his’ testimony under cross-examination by-counsel for plaintiff, 'counsel for Mr. and Mrs. Guillory: stated that he would like to call Garner to the stand to testify, and counsel for the other defendant, the taxicab partnership, asked: ■“ * * * in' what capacity?” to which question counsel for Mr. and Mrs. Guil-lory answered: “For cross-examination under the act.” Counsel for Toye Bros. Yellow Cab Company then objected “that one codefendant is' without the'right to'call a codeféndánt under the cross-examination statute,” adding, “the only capacity "that Mr. Osteí (cóuíisel for Mr; and Mrs. Guil-lory) can call this gentleman is to call him as his own witness.” Garner was not, at that time nor .later, examined "by counsel for Mrs7 Guillory.
. After courtsel for plaintiff had rested and Mrs. Guillpry had testified in her own behalf, counsel for Toye Bros. Yellow Cab Company .said.: “We adopt as'..our' own testimony the,.testimony given by Mr, Garner when.. ci:oss-examined Under the act'.” Counsel for Mr., and Mrs. Guillory -did not then . attempt to. cross-examine Garner as was their right when the testimony of Garner was adopted by counsel for the other defendant,. Toye Bros. Yellow Cab Company.
Our conclusion is that the testimony of Garner is properly in the record and that *470 it may be considered in determining' whether Mrs. Guillory was negligent, and a study of the record leaves no doubt not only that she was negligent, but that her negligence was the cause of this accident.
That the speed of the Guillory car was excessive is apparent, and it is also clear that Mrs. Guillory did not bring that car to a stop before entering the intersection. She says that she could not see to her right until she reached almost the center of the intersection and that therefore to stop at the corner would have served no useful purpose. The statement that she could see nothing until she reached the center of the intersection is, of course, unbelievable. The hedge on the corner did not extend beyond the property line, and even if the car which was parked to her right at the curb of Josephine Street was located with its front at the edge of the curb of Constance Street, which we cannot believe, still she could have seen to her right long before the front of her car had reached the center of the intersection. The speed at which she entered the intersection is indicated not only by the testimony, but by the very significant fact that, after the collision, her car continued across the intersection and went some 25 or 30 feet into Josephine Street and then crashed into the car of plaintiff with sufficient force to cause damage to the extent of almost $300.
On the other hand, we think that there is nothing in the record which would justify a disagreement with the conclusion of the trial Court that the driver of the taxicab was not at fault. We are convinced that he was operating the taxicab at a moderate speed, and that suddenly the Guillory car emerged into the intersection in front of the taxicab when the latter could not be stopped in time to avoid a collision. The sole cause of the accident was the negligence of Mrs. Guillory.
The final complaint of Mr. and Mrs. Guillory is that they were not granted a new trial in spite of the fact that in the motion it was stated that there was newly discovered evidence which could be introduced. The fact is that the witness to whom counsel referred in the motion for a new trial was Charles B. Lynch who lived in Picayune, Mississippi, and it appears that he was not a newly discovered witness, but that, before the case was tried, a continuance once, and probably twice, had been granted in order that the testimony of this witness might be obtained, and that in spite of these continuances, the evidence was not secured. The trial judge properly concluded that, since ample opportunity had been afforded for the taking of the testimony of this witness, a third opportunity should not be given.
We do not quite understand why, after the case had been tried and the judgment had been rendered and signed, on motion of plaintiff an order was rendered by which the plaintiff was granted time to take the testimony of this same witness, Charles B. Lynch. The motion and order appear in the record, and we were told by counsel that the testimony was actually taken after the trial had been completed and the judgment had become final.
We note that this testimony was not taken on behalf of Mr. and Mrs. Guillory and no complaint is made by counsel for plaintiff by whom it was taken that this testimony was not filed and does not appear in the record.
The judgment, insofar as it dismisses plaintiff’s suit against Ernest Guillory, is annulled, avoided and reversed, and there is now solidary judgment in favor of plaintiff and against Ernest Guillory and Mrs. Shirley Guillory in the sum of $298.70. In all other respects the judgment appealed! from is affirmed; defendants, Ernest Guil-lory and Mrs. Shirley Guillory, to pay all costs except those of Toye Bros. Yellow Cab Company; costs of Toye Bros. Yellow-Cab Company to be paid by plaintiff.
Reversed in part; affirmed in part.