HARDY, Judge.
This is an action for the recovery of property damage sustained by plaintiff’s automobile as the result of a collision with a pick-up truck driven by the wife of defendant. From a judgment in favor of plaintiff, the defendant has appealed.
Although defendant’s answer categorically denied the material allegations of plaintiff’s petition, including those of negligence; averred defendant’s freedom from negligence ; affirmatively alleged negligence and, alternatively, contributory negligence on the part of the driver of plaintiff’s automobile, no evidence of any nature was tendered on behalf of defendant on trial of the case. Before this court counsel for defendant relies entirely upon the proposition that plaintiff completely failed to allege or prove defendant’s wife to be on a mission for the community at the time of the occurrence of the tortious act, and cites in support of this point the opinion of this court in Hart v. Hardgrave, La.App., 103 So.2d 910.
The opinion in the cited case enunciated the well established principle that the owner of an automobile is not liable *666 for damages caused by its operation by a third person unless said owner was present, or unless the third person was acting as his agent, servant or employee within the scope of his agency or employment at the time of the accident, citing Atkins v. Points, 148 La. 958, 88 So. 231, and Adams v. Golson, 187 La. 363, 174 So. 876.
The opinion further pointed up the analogy between the principal, master or employer and the husband as head and master of the community, and held that a husband, as head and master of the community, is liable for the tortious acts of his wife only when it is affirmatively established that the wife was expressly or impliedly authorized and was acting in the service of the community, citing Adams v. Golson, supra; Tuck v. Harmon, La.App., 151 So. 803; Wise v. Smith, La.App., 186 So. 857, and Meibaum v. Campisi, La.App., 16 So.2d 257.
In the instant case counsel for plaintiff relies upon the holding evidenced by a line of cases decided by the Courts of Appeal of Orleans and the First Circuit, which were thoroughly considered in the opinion of Judge Ellis in Johnson v. Delta Fire & Casualty Co., 110 So.2d 215, in which our brethren of these circuits squarely held that a defendant husband must plead and prove the fact that the wife was not on a mission for his benefit, or that of the community, at the time of the commission of the tort.
It is obvious that the issue presented by the appeal before us involves a resolution of the question of burden of proof. It is equally obvious that there is a conflict of jurisprudence as between this court and the other Courts of Appeal of the State.
After thorough consideration we are firmly impressed with the correctness of the conclusion that the allegation and proof of a community agency is properly a burden which must be assumed and discharged by a plaintiff who seeks recovery from a husband for the tort of his wife committed out of his presence. The basis for this conclusion rests upon the principle that the burden of proof' of an action in tort against a principal or master or employer, seeking to fix liability for the acts of the agent or servant or employee, requires pleading and proof of the respective relationships by the plaintiff. As was observed in the Hart v. Hardgrave case, cited supra, we see no reasonable ground for distinction between the categories above enumerated and that of husband and wife. For this, reason, with all respect for the opposed view of our brethren of the other circuits, we prefer to adhere to the principle heretofore enunciated by this court.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of defendant, Ernest Brown, rejecting the demands of plaintiff, Robert L. Martin, and dismissing his suit, at his cost.