BOLIN, Judge.
Lynda Faye Demoss sues to recover damages for injuries suffered by her while riding as a passenger in a truck, being driven by Glynn D. Summers, when the vehicle collided with a station wagon driven by W. B. Greenwood’s wife, who was killed in the accident. Made defendants are Summers and his insurer, State Farm Mutual Automobile Insurance Company; Greenwood and his insurer, Allstate Insurance Company.
Following trial judgment was rendered in favor of plaintiff and against all defendants, in solido, with the provision the liability of defendants, State Farm and *165 Allstate should be limited in accordance with their respective policies. Defendant Summers and his insurer appeal, asking this court to reverse the judgment declaring him negligent. Greenwood appeals seeking reversal of the judgment declaring him liable, as head and master of the community, for the negligence of his deceased wife. Plaintiff answers the appeal requesting an increase in the award for pain and suffering from $7500 to $15,000. Allstate concedes its liability for the $5000 limits of the policy in which Mrs. Greenwood was the named insured.
For reasons to be stated, we reverse the judgment against Summers and his insurer but we affirm the judgment against Greenwood and his insurer. We find the award of $11,313.95 to plaintiff for medical expenses, loss of wages and pain and suffering neither inadequate nor excessive and it is likewise affirmed.
The three issues remaining before this court on appeal are almost identical with those presented to the trial court:
(1) Was Summers negligent; and, if so, was his negligence a contributing cause of the accident ?
(2) Was Mrs. Greenwood’s negligence imputable to her husband so as to bind the community ?
(3) Should the award to plaintiff be increased ?
We summarize below the events transpiring immediately preceding the tragic accident. Mr. and Mrs. Greenwood were at home in their trailer and were visited by Mr. and Mrs. Hall. During the visit, which lasted approximately one hour, various alcoholic beverages were consumed by all. The Hall couple invited the Green-woods to accompany them to a deer camp some distance away. Mr. Greenwood did not wish to accept this invitation nor did he want his wife to go. The Halls left about 9:00 p. m. and proceeded to the camp. Mrs. Greenwood was very anxious to attend but her husband strenuously opposed her and, in the hour following the Halls’ departure, he seized her purse, which contained whiskey, and went outside and broke the bottle. Further, when she stated she was going by cab he grabbed the phone and prohibited her from calling for a cab. Following this episode Mrs. Greenwood declared she was going if she had to walk, and went outside. Mr. Greenwood testified he thought she was going out “to cool off”. When he. went out to see that she was just going to “look around” and come back in, he saw the lights of the station wagon go on and realized the keys were in the vehicle. Before he could protest Mrs. Greenwood had driven away.
Testimony relative to subsequent events reveals Mrs. Greenwood drove to the deer camp, remained there for a while, and left to return home. None of the witnesses who had seen her at the. deer camp could testify about the exact time of her departure, but enroute home the station wagon she was driving collided, almost head-on, with the Summers truck, resulting in the death of Mrs. Greenwood and the injuries to plaintiff.
Testimony of the state trooper, who investigated the accident, placed the point of impact in the lane of travel properly occupied by Summers. He estimated in his report the Greenwood vehicle was three or more feet over the white line which divided the blacktop, two-laned highway, and was in Summers’ lane when the accident occurred.
Summers, when asked where the Greenwood automobile was when he first observed it stated, “in the left lane”. He then testified that the lights appeared suddenly in his lane and the collision occurred. From the foregoing testimony the trial judge concluded when Summers first observed Mrs. Greenwood she was in his lane of travel and, consequently, he should have taken evasive action to avoid the collision. His judgment against Summers is predicated on this conclusion.
*166 We have reviewed Summers’ testimony and note that, when asked if the Greenwood vehicle was in the proper lane when he first observed it, he responded, "Yes, sir, for that car”. His testimony, together with that of the investigating officer, convinces us that Summers meant he first observed the lights of the approaching vehicle in “his” left or “its” proper lane of travel. There is no other evidence to substantiate a finding of negligence on his part, from which we conclude the sole proximate cause of the accident was the negligence of Mrs. Greenwood.
The issue which we deem most complicated is that of the liability of Mr. Greenwood, as head and master of the community, for the tortious conduct of the wife while driving the community car on her way home from the deer camp. The petition alleges Mrs. Greenwood was driving the community automobile on a community mission. While Greenwood’s original answer controverted this contention, it is now conceded, in brief to this court, the trip, which was strictly for Mrs. Greenwood’s pleasure, was a community errand. Brantley v. Clarkson, 217 La. 425, 46 So.2d 614 (1950).
Counsel, while conceding the mission to have been a community one, urges plaintiff must, in addition, prove the wife was using the automobile belonging to the community with the husband’s express or implied consent in order to create liability on the part of the husband for the tort committed by the wife while so using the community automobile. Adams v. Golson, 187 La. 363, 174 So. 876 (1937).
In Adams the Louisiana Supreme Court refused to permit recovery by plaintiff, injured in an automobile accident caused by the negligence of Mrs. Golson while driving the community automobile with the consent of her husband. The court found that the purpose of the mission was clearly for the benefit and pleasure of the wife and therefore not a community mission.
In Brantley, supra, decided 13 years later, the Supreme Court changed that portion of the rule laid down in Adams and held as follows:
“We are unable to make the distinction between the purpose of the mission of the wife as was made in Adams v. Gol-son as long as she is using the automobile belonging to the community with the express or implied consent of the husband. The wife is entitled to her own recreation, enjoyment and pleasures as well as the husband and the community owes her those things in the same manner as it owes her the food or the clothes she requires. If the husband, in using a car belonging to the community, commits a tort while on an errand in which he is to indulge in his own pleasures and recreation and thereby becomes liable, there is no reason which suggests itself why the same community, out of which the liability may have to be paid, should not likewise be liable for a tort committed by the wife under the same circumstances.”
Later, in Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960) the Supreme Court, in a suit against a husband, dismissed a petition which was devoid of an allegation that his wife was on a community mission at the time of the alleged tort, commenting that where the petition includes such an allegation it becomes the duty of the husband to prove the mission was not a community one. Nevertheless, by way of dictum, the court reiterated the necessity of proving the wife had the implied or actual consent of the husband to drive the community automobile.
In Vail v. Spampinato, 238 La. 259, 115 So.2d 343 (1959), despite contentions to the contrary, the court found the wife was in the habit of using the community car for her own pleasure and concluded the wife had implied permission to make the trip during which the accident occurred. We have studied the numerous appellate decisions rendered since Adams, Brantley, Vail and Martin, with particular attention to the *167 type of proof which must be adduced by plaintiff in situations comparable to those here presented. We are not prepared from this research to state categorically that the allegation and proof of the use of the community automobile by the wife on a community mission is sufficient to include the presumption that there was, at least, implied permission of the husband to use the automobile.
However, we find it unnecessary to make a determination of this issue since all of the circumstances and testimony in the instant case convince us that it was not the purpose or intention of Mr. Greenwood to revoke or withdraw his permission to use the community automobile.
Greenwood testified in detail as to his words and actions preceding the accident. His counsel vigorously sought to elicit from him a statement that he had forbidden his wife the use of the community automobile on this occasion and thereby to establish revocation of any consent which might arise from the concession that she was on a community mission. However, he never expressly withdrew permission for her to drive the community automobile.
The automobile was purchased with community funds, title was placed in the wife’s name; she was the “named” insured on the Allstate policy and the keys were in the station wagon. Further, when she sought to travel to the deer camp by taxi he prevented her from so doing. If “driving” was what he objected to, allowing her to travel by taxi would have solved this problem. From all the circumstances we conclude Greenwood’s desire or objective was to prevent Mrs. Greenwood from “being” at the deer camp.
We find Mrs. Greenwood was driving the community automobile on a community mission with the implied consent of her husband.
For the reasons assigned the judgment is reversed as to Summers and his insurer, State Farm Mutual Automobile Insurance Company, and the demands against them are rejected. It is further ordered that the judgment in favor of plaintiff and against defendants Greenwood and his insurer, Allstate Insurance Company, in solido, in the amount of $11,313.95, is affirmed, provided the liability of Allstate Insurance Company shall be limited in accordance with its policy; interest to be paid as provided by the judgment of the lower court.
Defendants Greenwood and Allstate are assessed with all costs.