286 So.2d 404 (1973)
SEARS, ROEBUCK AND COMPANY
v.
Jacqueline GUNN, wife of George A. Gunn, Jr., and George A. Gunn, Jr., Individually and as husband and wife.
No. 5884.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
*405 J. Paul Demarest, Favret & Favret, New Orleans, for plaintiff-appellee.
Ross P. LaDart, Harvey, for defendant-appellant.
Before REDMANN, LEMMON and SCHOTT, JJ.
REDMANN, Judge.
A wife appeals from a judgment casting her for purchases she made from plaintiff department store during the three days immediately following her physical separation (and filing of suit for judgment of separation) from her husband, on a charge account she had applied for in her husband's name a month previously.
The wife asserts legal principles such as the wife's separate estate's nonliability for community debts, the community's continuance despite physical separation, necessity of termination of agency of wife for husband on his charge accounts, etc. However, we can only view this case as one where the trial court has made a credibility determination in accepting the husband's testimony rather than the wife's on the crucial questions of whether the account was opened with the husband's consent or even with his knowledge, and whether the actual purchases in early November were made by the wife as a convenience to the just-separated husband, on his instructions and for his benefit, as Christmas gifts for his family.
"[T]he reviewing court must give great weight to the factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. * * *" Canter v. Koehring Co., La. 1973, 283 So.2d 716, 724.
We are unable to say the trial judge erred.
Although the wife did purport to act as the agent of the husband and the plaintiff sold to her in that purported capacity, the trial court's factual conclusion is that her acts were unauthorized by and unknown to the husband. The applicable legal principle is that of C. C. art. 3010, that an act exceeding the mandatory's power "is null and void with regard to the principal, unless ratified by the latter, and the attorney is alone bound by it in his individual capacity."[1] See also Nationwide Fin. Co. of Gretna, Inc. v. Pitre, La.App.1971, 243 So.2d 326.
The judgment is affirmed.
NOTES
[1] Because the creditor has not appealed from the dismissal of the husband we need not recite that the community is not bound for the wife's debt; Adams v. Golson, 1937, 187 La. 363, 174 So. 876. See also Creech v. Capitol Mack Inc., La.1973, 287 So.2d 497, allowing execution against the community for the husband's pre-nuptial debts, theorizing that the husband's patrimony includes community assets and liabilities, while the wife's patrimony includes only "the imperfect ownership without use of one-half of the community" (in addition to her separate property).