COVINGTON, Judge.
This is a suit on open account. Plaintiff, Sylvester’s Saddle and Leather Company, Inc., alleges that defendants are indebted unto it for the sum of $1,815.37, which is the unpaid balance due for the purchase of certain merchandise during a four month period. Defendant, The Adobe Western and Casual Store, Inc., filed a general denial to the main demand and a third party demand against the other named defendant, Ronald J. Sylvester. Ronald J. Sylvester filed an answer and third party demand against Adobe. On the trial Adobe admitted owing the plaintiff the sum of $1,121.45 due on the account. The dispute is over the sum of $693.92, represented by two checks paid by Adobe to Ronald J. Sylvester to be applied on the account.
The trial court rendered judgment in favor of the plaintiff on the main demand against Adobe, and in favor of Adobe in its third party demand against Ronald J. Sylvester. Adobe has suspensively appealed this judgment.
Appellant asserts that the trial court erred in failing to find an agency relationship between Sylvester’s and Ronald J. *328 Sylvester and in failing to allow credit to appellant for certain payments made to Ronald J. Sylvester.
Ronald J. Sylvester is the son of Maurice Sylvester, the owner of Sylvester’s. At the time of the transaction involved herein Ronald J. Sylvester was the manager of Sylvester’s and co-owner of Adobe; he bought the merchandise from Sylvester’s for retail sale in the Adobe store. Adobe received the merchandise. Adobe claims that it should be allowed credit for $693.92 on account, because it paid to Ronald J. Sylvester two checks amounting to this sum of money. The evidence shows that on December 29, 1972, Adobe made a check payable to Ronnie Sylvester for $293.92, and another check on January 16, 1973, in the amount’of $400.00, also made payable to Ronnie Sylvester. These checks were signed by Sally Sylvester, the wife of Ronald J. Sylvester and the daughter of Mrs. Edna Raborn who is a co-owner of Adobe.
We view the instant case primarily as one where the trial court has made a credibility determination in accepting the testimony of Maurice Sylvester, the owner of Sylvester’s, rather than that of the defendants and their witnesses on the crucial questions of the business relationship among the various parties and the allowance of credit for payments made. It is not necessary that we detail the testimony of the witnesses. We content ourselves with remarking that the trial court found the testimony of Ronald J. Sylvester unsatisfactory and that the testimony is conflicting.
The trial court’s “reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review . . . ” Canter v. Koehring Company, La., 283 So.2d 716, 724 (1973); Sears, Roebuck and Company v. Gunn, La.App., 286 So.2d 404, 405 (4 Cir. 1973). We have reviewed the evidence and find the trial court’s evaluations and inferences meet the standard of reasonableness demanded by the Canter case.
The general agency rules stated by appellant are not at issue. The rule applicable in the instant case is where a person acts in a fiduciary capacity, the party on whose behalf he is acting is charged with the legal consequences flowing from the fiduciary’s actions with another party. See Roberson v. Maris, La.App., 266 So.2d 488, 491 (4 Cir. 1972).
In the instant case when Adobe made out the two checks to Ronnie Sylvester personally, he received those checks in a fiduciary capacity. He was acting on behalf of Adobe and had the legal obligation to pay those checks to Sylvester’s. The evidence shows that he failed to do so, and Adobe must suffer the legal consequences flowing from its fiduciary’s actions. Adobe could have easily protected itself by making the checks payable to Sylvester’s.
For the foregoing reasons we do not believe the trial court erred. The judgment is affirmed at appellant’s costs.
Affirmed.